J-S19029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

ROBERT RAMIREZ

          Appellant

          v.

NANCY GIROUX (SCI ALBION
SUPERINTENDENT)

          Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1898 EDA 2015

Appeal from the Order entered June 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0206171-1999

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED JUNE 10, 2016**

Appellant, Robert Ramirez, appeals *pro se* from the June 3, 2015 order entered in the Court of Common Pleas of Philadelphia County denying habeas corpus relief.[1]  In addition, Appellant has filed two motions for default judgment, stemming from the Commonwealth's failure to file a brief in accordance with the extension granted by this Court.  Further, Appellant has filed objections to the Commonwealth's late-filed brief, asking this Court to enter an order releasing him from prison and to strike the brief from the

---

[1] The order also denied Appellant's requested relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  As explained herein, Appellant does not challenge the court's denial of relief under the PCRA except in a passing reference to the PCRA in his brief.

docket.[2]   Following review, we deny Appellant's motions for default judgment; dismiss his objections and deny the requested relief; and affirm the order denying habeas relief.

The lower court provided the following procedural history:

On June 20, 2000, following a jury trial, [Appellant] was convicted of first-degree murder, robbery, aggravated assault, criminal conspiracy, violation of the Uniform Firearms Act ("VUFA"), and possessing an instrument of crime. [Appellant] was sentenced to life plus ten to twenty years' imprisonment. On June 19, 2002, the Superior Court affirmed [Appellant's] judgment of sentence. The Pennsylvania Supreme Court denied *allocatur* on November 7, 2002.

[Appellant] filed a *pro se* PCRA petition on September 3, 2003. Counsel was appointed and subsequently filed a ***Finley*** no merit letter.[3]   On June 24, 2004, the lower court dismissed [Appellant's] PCRA petition.

On August 3, 2012, [Appellant] filed the current *pro se* PCRA petition, his second. [Appellant] submitted supplemental petitions seeking habeas corpus relief. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition and deny his Writ of Habeas Corpus on April 24, 2015. [Appellant] filed a response to the court's Rule 907 notice on May 6, 2015. The lower court dismissed Petitioner's [PCRA] petition as

---

[2] Our rules of appellate procedure do not provide for—or even contemplate— entry of a "default judgment" for an appellee's failure to file a timely brief. Although an appellee's failure to file a brief in accordance with an extension will deprive the appellee of the right to present oral argument, Pa.R.A.P. 2188, there is no corollary for a case submitted to this Court for disposition without argument. Further, although the Commonwealth filed its brief beyond the date of the extension granted, that late filing is immaterial in light of our disposition of the issues raised with regard to denial of habeas relief. Therefore, Appellant's motions and objections are denied as moot.

[3] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

untimely on June 3, 2015. [Appellant] filed the instant, *pro se* notice of appeal to the Superior Court on June 16, 2015.

Lower Court Opinion, 7/10/15, at 1-2 (citations omitted).

In footnotes to its June 3, 2015 order, the lower court explained:

In his Petition for *Writ of Habeas Corpus*, [Appellant] disputed the legality of his sentence due to a lack of a sentencing order. Because [Appellant's] claim falls outside the eligibility requirements of the PCRA, the lower court entertained his Petition for *Writ of Habeas Corpus* on the merits. **See** 42 Pa.C.S.A. § 9543; **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014).

Order, 6/3/15, at 1 n.1. Further:

Upon review, the record reveals that [the sentencing judge] entered a sentencing order in this matter on June 20, 2000. The original sentencing order is being maintained by the Clerk of Courts of this court as part of [Appellant's] case file in this matter. Therefore, [Appellant's] claim is clearly without merit and his petition is denied.

*Id.* at 1 n. 2.

In his Statement of Questions Involved, Appellant does not challenge the denial of his second PCRA petition. He challenges only the denial of habeas corpus relief in the four issues identified in his brief as follows:

I. Did the court err/abuse [its] discretion when it arbitrarily treated Appellant's petition for writ of habeas corpus ad subjiciendum as a criminal appeal denying Appellant his constitutional right(s) to habeas corpus, access to the court, and due process of law?

II. Did the court err/abuse [its] discretion when it arbitrarily denied Appellant's petition for writ of habeas corpus ad subjiciendum without issuing a rule to show cause order and/or requiring a response/answer from the respondent denying Appellant his constitutional rights(s) to habeas corpus, access to the court, and due process of law?

III. Did the court err/abuse [its] discretion when it arbitrarily denied Appellant's petition for writ of habeas corpus ad subjiciendum while disregarding Appellant's affidavit and declaration in support of his petition in violation of due process of law?

IV. Did the court err/abuse [its] discretion when it arbitrarily denied Appellant's petition for writ of habeas corpus ad subjiciendum when the DOC is not in possession of any documentation authorized by law for the DOC to restrain Appellant's liberties legally/lawfully and the Appellant is being held in the DOC under the Mental Health Procedures Act (MHPA) in violation of due process of law[?]

Appellant's Brief at 4.[4]

"Our standard of review of a trial court's order denying a petition for a writ of habeas corpus is limited to an abuse of discretion." *Joseph*, 96 A.3d at 369 (citation and brackets omitted). "Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a

_____

[4] On pages 14 and 15 of his brief, in the course of addressing his fourth issue, Appellant contends his PCRA petition was timely filed. However, any challenge to the denial of PCRA relief is not suggested by his Statement of Questions Involved and, therefore, has been waived. Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Further, even if not waived, Appellant's requested PCRA relief was based on retroactive application of *Miller v. Alabama*, 132 S.Ct. 2455 (U.S. 2012). Despite the fact *Miller* has since been held to apply retroactively, *see Montgomery v. Louisiana*, 136 S.Ct. 718 (U.S. 2016), its retroactive application does not help Appellant, who turned 18 on April 25, 1998, nearly eight months before he committed the December 21, 1998 murder that resulted in his life sentence. *Miller*, 132 S.Ct. at 2460. *See also Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (*per curiam*) (refusing to extend *Miller* to murderers who were not under the age of 18 at the time of their crimes).

manner lacking reason." ***Rivera v. Pa. Dep't of Corrections***, 837 A.2d 525, 528 (Pa. Super. 2008) (citation omitted).

Although Appellant outlines four separate issues in his brief, his issues can jointly be summarized as follows:

> Is Appellant entitled to habeas corpus relief for being unlawfully detained under 42 Pa.C.S.A. § 9764 without a written, signed and sealed sentencing order?

The lower court determined that his petitions for a writ of habeas corpus lacked merit and Appellant was not entitled to relief. We agree.

Appellant filed petitions for habeas corpus in 2012, 2013 and 2014. In each petition, Appellant asserted that he was being unlawfully detained at SCI-Albion without a sentencing order, in violation of 42 Pa.C.S.A. § 9764(a)(8) and (b)(5)(i).[5] He explained that he attempted to obtain a

_____

[5] 42 Pa.C.S.A. § 9764(a)(8) and (b)(5)(i) provide as follows:

> **(a) General rule.--**Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:
>
> . . .
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.
>
> **(b) Additional information.--**Within ten days from the date sentence is imposed, the court shall provide to the county

*(Footnote Continued Next Page)*

copy of his sentencing order and was advised that the document he sought did not exist. Without "the original written signed and sealed sentencing order," he contends, the Department of Corrections ("DOC") has "no authentic legal authority to detain" him. Petition for Writ of Habeas Corpus, 9/19/12, at Exhibit K.

This Court considered and rejected the identical argument in **Joseph**. There, Joseph a/k/a Woodens, claimed that the DOC's inability to produce a copy of his sentencing report constituted a fatal flaw requiring his immediate release. We noted:

> Woodens is not the first individual to assert this species of claim. In addition to the aforementioned holding in [**Brown v. Pa. Dep't of Corrections**, 81 A.3d 814 (Pa. 2013) (*per curiam*)], our Commonwealth Court has adjudicated at least one similar appeal on the merits, albeit in an unpublished memorandum. In **Travis v. Giroux**, No. 489 C.D. 2013, 2013 WL 6710773 (Pa. Cmwlth. Dec. 18, 2013), an appellant challenged the DOC's authority to hold him in custody because, as in the present situation, the DOC was unable to produce a written sentencing order. Relying upon two holdings from the United States District Court for the Eastern District of Pennsylvania, the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> correctional facility the following information pertaining to the inmate:
>
> . . .
>
> (5) All of the following:
>
>> (i) A written, sealed sentencing order from the county.

Commonwealth Court held that subsection 9764(a)(8) does not provide a cause of action for prisoners:

The current version of [42 Pa.C.S. § 9764(a)(8)] requires that a copy of the sentencing order be provided to the [DOC] upon commitment of an inmate to its custody. **However, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC.** The statute regulates the exchange of prisoner information between the state and county prison system, and does not provide a basis for *habeas* relief. Specifically, the Commonwealth Court emphasized that the appellant in **Travis** did not dispute that he had pleaded guilty and that he was sentenced upon that plea. Thus, even where there appeared to be no sentencing order in the possession of the DOC **or** the trial court, the Commonwealth Court held that subsection 9764(a)(8) furnished no basis for relief where the appellant's sentence was confirmed by the certified record.

. . . .

Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. **Commonwealth v. Ortega**, 995 A.2d 879, 885 (Pa. Super. 2010); **see also Petow v. Warehime**, 996 A.2d 1083, 1088 n. 1 (Pa. Super. 2010) ("[W]e may turn to our colleagues on the Commonwealth Court for guidance when appropriate."). We find the reasoning presented in **Travis** to be probative and instructive. The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

**Joseph**, 96 A.3d at 370-71 (emphasis in original, footnotes and citations omitted).

Further, with regard to relief under *habeas corpus:*

When a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. The rationale for this limitation is the presumption of regularity which follows the judgment. The writ, as stated above, is an extraordinary remedy and, therefore, a judgment rendered in the ordinary course is beyond the reach of *habeas corpus.* That conviction cannot be put aside lightly, and it becomes stronger the longer the judgment stands. Consequently, *habeas corpus* generally is not available to review a conviction which has been affirmed on appeal.

*Id.* at 372 (citations omitted).

In its opinion, the lower court recognized Appellant's assertion that his "detention on a DC-300B Court Commitment form, rather than a written sentencing order is in contravention of 42 Pa.C.S[A.] § 9764(a)(8) and 37 Pa. Code § 91.3." Lower Court Opinion, 7/10/15, at 5. Citing **Joseph**, the court noted that the claim was not cognizable under the PCRA and was properly raised in a writ of *habeas corpus*. "Nevertheless, the [sentencing judge] entered a sentencing order in this matter on June 20, 2000. The Superior Court has held that even in the absence of a written sentencing order, the [DOC] retains detention authority." **Id.** (citing **Joseph** for its "holding that the fact that the DOC did not possess sentencing order did not entitle [p]etitioner to *habeas* relief").

We find no merit in Appellant's arguments[6] or any abuse of discretion on the part of the lower court. Therefore, we affirm the June 3, 2105 order.

Motions for default judgment denied. Objections dismissed and relief denied. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016

---

[6] To the extent Appellant's issues as stated suggest procedural deficiencies in the lower court's disposition of his habeas corpus writs, *e.g.*, for failing to issue a rule to show cause, his contentions do not save his writs in light of the lack of any available remedy or cause of action based on a failure to provide a copy of the sentencing order to the DOC. **See Joseph**, 96 A.3d at 370.