J-S44015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CARL WHITEHEAD, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, SUPERINTENDENT GERALD L. ROZUM, | |
| Appellees | No. 390 WDA 2014 |

Appeal from the Order Entered February 20, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 14-920

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 13, 2014**

Appellant, Carl Whitehead, appeals from the trial court's February 20, 2014 order denying his "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" (*habeas corpus* petition).  We affirm.

In September of 2000, Appellant was convicted, following a jury trial, of involuntary deviate sexual intercourse, rape, aggravated assault, and incest based on his sexual assault of his seven month old daughter.  On September 25, 2000, Appellant was sentenced to an aggregate term of 35 to 70 years' imprisonment.  This Court affirmed Appellant's judgment of sentence on April 25, 2002.  He did not petition for permission to appeal to our Supreme Court.

On January 3, 2014, Appellant filed the *pro se habeas corpus* petition at issue in this appeal. Therein, he alleged that he was being illegally detained because the Pennsylvania Department of Corrections (DOC) violated 42 Pa.C.S. 9764(a) by not possessing copies of Appellant's "commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system…." 42 Pa.C.S. § 9764(a).[1] Appellant also claimed that his sentence was illegal because

_____

[1] That section states:

> **(a) General rule.**--Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:
>
> > (1) Record of adjustment in the county correctional facility, including, but not limited to, misconducts and escape history.
> >
> > (2) Any current medical or psychological condition requiring treatment, including, but not limited to, suicide attempts.
> >
> > (3) All medical records of the county correctional institution relating to the inmate to the extent that those records may be disclosed under Federal and State law. The records shall include admission testing performed by the county and the results of those tests and any testing related to hepatitis, HIV/AIDS, tuberculosis or other infectious disease testing.
> >
> > (4) Notice of current or previously administered medications.

*(Footnote Continued Next Page)*

the court's sentencing order did not state a statute "authorizing the imposition" of the sentence. *Habeaus Corpus* Petition, 1/23/14, at 4 (unnumbered pages).

On February 10, 2014, the trial court issued an order denying Appellant's *habeas corpus* petition. Appellant filed a timely notice of appeal. Herein, he presents three issues for our review:

> (I) Did [the trial] court err and abuse it's [*sic*] discretion by denying [Appellant] Article I, §[]11 access to the court, where a *prima facie* deprivation of constitutional rights was plead [*sic*]?
>
> (II) Did the [trial] court err by concluding [Appellant] is legally detained by Pa.D.O.C., based solely on sealed sentencing order, with no statutory authority to impose sentence in violation of 42 Pa.C.S. §[]9795.4?

*(Footnote Continued)* ————————————————

> (5) A 48-hour supply of current medications.
>
> (6) A written statement by the county correctional institution relating to any sentencing credit to which the inmate may be entitled.
>
> (7) A written statement by the county correctional institution setting forth all of the following:
>
> > (i) The dates on which the inmate was incarcerated.
> >
> > (ii) The charges pending against the inmate with the offense tracking number.
> >
> > (iii) The date on which the inmate was released on bail, if any, and a copy of the bail order.
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a).

(III) Did the [trial] court err and abuse it's [*sic*] discretion by denying [the] *habeas* petition, where [Appellant] plead [*sic*] a *prima facie* violation of 42 Pa.C.S. § 9764, invalidating legality of detention?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant's first and third issues raise nearly identical claims and, therefore, we will address them together. Essentially, Appellant contends that he is being illegally detained because the DOC does not possess a DC-300B commitment form as required by section 9764(a).

Initially, we note that this appeal is properly before our Court, rather than the Commonwealth Court. ***See Brown v. Penna. Dept. of Corr.***, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*) (concluding that the appellant's claim that his confinement was illegal due to the failure of the DOC to produce his written sentencing order in violation of 42 Pa.C.S. § 9764(a)(8) sounded in *habeas corpus* and, therefore, Commonwealth Court did not have jurisdiction over the appeal) (citing 42 Pa.C.S. § 761(a)(1) (providing that the Commonwealth Court does not have original jurisdiction over matters sounding in *habeas corpus* unless ancillary to a pending appellate proceeding)). We also note that Appellant's first and third issues were appropriately raised in a *habeas* petition, and are not subsumed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. ***See Joseph v. Glunt***, 2014 WL 2155396, *3 (Pa. Super. 2014) (treating the appellant's claim that his sentence is illegal because the DOC violated 42 Pa.C.S. § 9764(a)(8) by not producing a written sentencing order as a petition for writ of *habeas corpus* rather than a petition under the PCRA) (citing ***Brown***, 81

A.3d at 815)). Accordingly, we will review these claims with the following legal principles in mind:

> The ancient writ of *habeas corpus* is inherited from the common law, referred to by Sir William Blackstone as the most celebrated writ in the English law. The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. [T]raditionally, the writ has functioned only to test the legality of the petitioner's detention.
>
> Under Pennsylvania statute, *habeas corpus* is a civil remedy [that] lies solely for commitments under criminal process. *Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. Our standard of review of a trial court's order denying a petition for [a] writ of habeas corpus is limited to [an] abuse of discretion.

*Joseph*, 2014 WL 2155396 at *3.

In *Joseph*, we addressed a very similar claim as that presented by Appellant. There, the appellant filed a "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," averring that "his sentence is illegal, and that his rights under the United States and Pennsylvania Constitutions have been violated, because the [DOC] … 'does not possess a lawful court order signed by [the sentencing court] authorizing any lawful restraint of [the appellant's] body.'" *Id.* at *1. The appellant in *Joseph* claimed that his sentence violated 42 Pa.C.S. § 9764(a)(8) and, consequently, that he should be immediately released. *Id.* In rejecting this argument our Court held:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of

section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Id.* at *5 (footnote omitted).[2]

Despite that *Joseph* addressed the DOC's failure to produce a written sentencing order under subsection (a)(8) of section 9764, the language of our holding clearly applies to all "documents enumerated in subsection 9764(a)…." *Id.* Consequently, we conclude that Appellant's claim that his detention is illegal because the DOC failed to produce a DC-300B commitment form is meritless and does not entitle Appellant to *habeas* relief.[3]

_____

[2] Our holding in *Joseph* adopted the rationale expressed by the Commonwealth Court in an unpublished memorandum decision, *Travis v. Giroux*, 2013 WL 6710773 (Pa. Cmwlth. 2013).

[3] In any event, we would conclude that Appellant failed to prove that the DOC does not possess a copy of his DC-300B commitment form. In support of this allegation, Appellant explained in his *habeas corpus* petition that he wrote to the Department of Court Records (DCR) and requested copies of his sentencing order. In response, a DCR official sent Appellant a letter stating that "[w]hen [Appellant] was received into DOC custody, the Department received sealed Sentencing Orders." *Habeaus* Petition at 4 (unnumbered pages). Appellant interprets this language as indicating that the *only* documents the DOC received were Appellant's sentencing orders, thus violating section 9764(a)'s requirement that the DOC also obtain his DC-300B commitment form. Appellant's argument is speculative and would not convince us that he is entitled to any relief, even if a remedy for a violation of section 9764(a) were available.

In Appellant's remaining issue, he avers that his sentence is illegal because the sentencing order does not provide "statutory authorization for the sentence imposed…." Appellant's Brief at 10. In support of this claim, Appellant confusingly argues that the trial court was required to issue an order, within 10 days of his conviction, directing the Sexual Offenders Assessment Board (SOAB) to conduct a sexually violent predator (SVP) assessment. *Id.* at 11. Appellant alleges that such an order was not issued in this case, rendering his sentence illegal. *Id.*

We acknowledge that Appellant's legality of sentencing claim is arguably cognizable under the PCRA and subject to its one-year time-bar. *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011). However, we decline to assess this question because Appellant has clearly waived this issue for our review. Appellant's argument regarding the omitted SOAB assessment was not raised in his *habeas corpus* petition. Therefore, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant provides no other argument to support his general assertion (which was presented in his *habeas corpus* petition) that his sentence is illegal because the sentencing order did not state the statutory authority permitting the court to impose the sentence. Consequently, this claim is also waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating "it is an appellant's duty to present arguments that are sufficiently developed for our review[,']" including "pertinent discussion,

- 7 -

with references to the record and with citations to legal authorities[;]" when an appellant's failure to do so "impedes our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014