J. S54041/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK BENTON, | : | |
| | : | |
| Appellant | : | No. 854 EDA 2015 |

Appeal from the Order Entered February 25, 2015
In the Court of Common Pleas of Bucks County
Criminal Division No(s).: CP-09-CR-0002928-2005

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED AUGUST 31, 2015**

*Pro se* Appellant, Mark Benton, appeals from the order entered in the Bucks County Court of Common Pleas denying his petition for a writ of *habeas corpus*. He contends that the trial court did not issue a judgment of sentence in his case, thus invalidating all appellate rulings on direct appeal and resolving claims for collateral relief. We affirm.

We adopt the facts and procedural history set forth by the trial court's decision. **See** Trial Ct. Op., 5/8/15, at 1-2. Appellant timely appealed and he raises the following issue: "Did the lower court err in denying [Appellant] relief pertaining to his judgment of sentence in the circumstances surrounding it?" Our Supreme Court has held that a claim alleging that the

---

[*] Former Justice specially assigned to the Superior Court.

"absence of a written sentencing order related to the judgment of sentence" challenges the legality of the defendant's "'commitment and detention,' and therefore his petition for review sounded in *habeas corpus*." ***Brown v. Pa. Dept. of Corrections***, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*); ***accord Joseph v. Glunt***, 96 A.3d 365, 369 (Pa. Super.), *appeal denied*, 101 A.3d 787 (Pa. 2014). The standard of review is abuse of discretion. ***See Joseph***, 96 A.3d at 369. Instantly, after careful review of the record, the parties' briefs, and the decision by the Honorable Alan M. Rubenstein, we affirm on the basis of the trial court's decision. ***See*** Trial Ct. Op. at 3 (holding courts have repeatedly rejected claim that illegal sentence results from absence of sentencing order; regardless, record reflected jury sentenced Appellant to life imprisonment); ***see also*** N.T. Sentencing Hr'g, 3/3/06, at 3. Accordingly, having discerned no abuse of discretion, ***see Joseph***, 96 A.3d at 369, we affirm the order below.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/31/2015</u>

# IN THE COURT OF COMMON PLEAS
## BUCKS COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

|  |  |  |
|---|---|---|
| MARK BENTON | : | NO. CP-09-CR-0002928-2005 |
|  | : |  |
|  | : | PETITION FOR WRIT OF |
| v. | : | HABEAS CORPUS |
|  | : | AD SUBJICIENDUM |
| BRIAN V. COLEMAN, SUPERINTENDENT | : |  |
|  | : |  |

## OPINION

Appellant Mark Benton ("Benton") has appealed from this Court's Order of February 25, 2015, denying his Petition for Writ of *Habeas Corpus Ad Subjiciendum*. For the reasons that follow, we respectfully submit that our Order should be affirmed.

The procedural and factual background of this matter was previously described in our Opinion of May 5, 2006, which was issued in support of our February 28, 2006 Order denying Benton's Post-Sentence Motions, and our Opinion and Order of November 2, 2009, denying Benton's Petition for Post-Conviction Relief. In the latter we explained that:

> On February 2, 2006, Mark Benton was found guilty by a death-qualified jury of First Degree Murder, Attempted Murder, Robbery of a Motor Vehicle, Firearms Not to Be Carried Without A License, Resisting Arrest, and Fleeing and Eluding a Police Officer in the shooting death of Wael Refaey. At the penalty phase on February 3, 2006, the jury unanimously returned a sentence of life imprisonment. This Court thereafter sentenced Benton to pay the costs of prosecution and undergo life imprisonment in a State Correctional Facility. Benton was also sentenced to a term of five (5) to ten (10) years for the Attempted Homicide of a separate victim, Nancy Alvarez, and a two and a half (2 ½ ) to five (5) year sentence on the charge of Robbery of a Motor Vehicle, all sentences to be served consecutively.

Post-Conviction Relief Act Opinion, 11/2/09.

1



On January 26, 2007, the Superior Court of Pennsylvania affirmed Benton's judgment of sentence (No. 781 EDA 2006), and on July 24, 2007, the Supreme Court of Pennsylvania denied Benton's Petition for Allowance of Appeal (No. 170 MAL 2007).

On November 5, 2010, the Superior Court affirmed this Court's denial of Benton's Petition for Post-Conviction Relief (No. 3396 EDA 2009), and on December 5, 2011, the Supreme Court of Pennsylvania again denied Benton's Petition for Allowance of Appeal (No. 870 MAL 2010).

On May 28, 2014, Benton filed a Petition for Writ of *Habeas Corpus Ad Subjiciendum* in the Civil Division of the Court Common Pleas of Bucks County, under Docket Number 2014-03671, alleging the illegality of his sentence. (Petition, 5/28/2015.) On August 26, 2014, our colleague, the Honorable Susan Devlin Scott, entered an Order transferring Benton's Petition for Writ of *Habeas Corpus* from the Civil Division to the Criminal Division of the Bucks County Court of Common Pleas under the original Criminal Docket Number, CP-09-CR-0002928-2005. (Order, 8/26/2014.)

On February 25, 2015, this Court entered an Order denying Benton's Petition for Writ of *Habeas Corpus*. (Order, 2/25/2015.)

In his Petition for Writ of *Habeas Corpus Ad Subjiciendum*, Benton contends that "a written judgment of sentence order is the only document that can prove that a defendant has ever been sentenced," and he therefore claims that "he is being held illegally by the Department of Corrections due to a faulty judgment of sentence order that does not contain the charges or statute to which the conviction was obtained." Benton also argues that his sentence of life imprisonment is illegal because "Statute 18 Pa. C.S. § 2502(a) Murder of the First degree does not provide statutory authorization for a life sentence," and consequently, because "the court sentenced him

2

under a statute that doesn't authorize a term of life imprisonment [ ] this 'shocks the conscience' thereby violating his substantive due process rights." (Petition, 5/28/2014.)

Benton's claim in his Petition for Writ of *Habeas Corpus* that his incarceration is illegal due to the absence of a written sentencing order has been repeatedly rejected by Pennsylvania's appellate courts. *See, e.g., Commonwealth v. Dozier,* 99 A.3d 106, 115 (Pa. Super. 2014), *appeal denied,* (Pa. 2014) (it matters not whether the sentencing order is in the possession of any administrative or judicial body other than the certified record retained by the court of common pleas; the certified record in this case confirms and documents the defendant's judgment of sentence); *Joseph v. Glunt,* 96 A.3d 365 (Pa. Super. 2014), *appeal denied,* 101 A.3d 787 (Pa. 2014) (even in absence of written sentencing order, the Department of Corrections had continuing authority to detain the petitioner); *Travis v. Giroux,* 2013 WL 6710773 (Pa.Cmwlth. 2013) (the absence of a sentencing order does not make confinement illegal, especially in light of the undisputed docket entry and the sentence information sheet signed by the sentencing judge).

Here, the docket and record clearly reflect the sentencing information, and as a consequence, there is no merit to Benton's claim.

Benton's other claim that his sentence is illegal because "18 Pa. C.S. § 2502(a) Murder of the First degree does not provide statutory authorization for a life sentence" similarly has no merit. After his conviction for First Degree Murder pursuant to 18 Pa.C.S.A. § 2502(a), Benton was then sentenced in accordance with 42 Pa.C.S.A. § 9711. We therefore find no merit to this claim, and recommend that our Order of February 25, 2015 denying Benton's Petition for Writ of *Habeas Corpus Ad Subjiciendum* be affirmed.

BY THE COURT:

Date: 5/8/15

ALAN M. RUBENSTEIN , J.

3

# MARK BENTON v. BRIAN V. COLEMAN, SUPERINTENDENT
## CASE NO. CP-09-CR-0002928-2005

**COPIES SENT TO:**

DAVID W. HECKLER, BUCKS COUNTY DISTRICT ATTORNEY
100 N. Main Street
Doylestown, PA  18901

*Attorney for Commonwealth*

KAREN DIAZ, DEPUTY DISTRICT ATTORNEY
100 N. Main Street
Doylestown, PA  18901

*Attorney for Commonwealth*

MARK BENTON
INMATE NO. GM9193
STATE CORRECTIONAL INSTITUTION AT FAYETTE
50 Overlook Drive
Labelle, PA  15450-1050

JOSEPH D. SELETYN, ESQ.
PROTHONOTARY
SUPERIOR COURT OF PENNSYLVANIA
530 Walnut Street
Suite 315
Philadelphia, PA 19106