J.S13045/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, EX REL TAVEREN ROBINSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT ROBERT GILMORE, STATE CORRECTIONAL INSTITUTION GREENE, PENNSYLVANIA DEPARTMENT OF CORRECTIONS | : | |
| | : | |
| APPEAL OF: TAVEREN ROBINSON | : | |
| | : | No. 1663 WDA 2015 |

Appeal from the Order October 9, 2015
in the Court of Common Pleas of Greene County Civil Division
at No(s): AD-178-2015

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED MARCH 29, 2016**

Appellant, Taveren Robinson, appeals from the order entered in the Greene County Court of Common Pleas dismissing his second petition for writ of *habeas corpus*. He argues he is unlawfully imprisoned at the State Correctional Institution in Greene County ("SCI-Greene") because the trial court in Erie County did not file a sentencing order in his case. We affirm.

The relevant procedural history follows. On March 22, 2004, the Erie County Court of Common Pleas sentenced Appellant to life imprisonment and a consecutive term of 60 to 120 months' imprisonment following his convictions for second-degree murder and other offenses. This Court

---

[*] Former Justice specially assigned to the Superior Court.

affirmed his judgment of sentence on April 13, 2005, and our Supreme Court denied allowance of appeal. *Commonwealth v. Robinson*, 688 WDA 2004 (Pa. Super. Apr. 13, 2005), *appeal denied*, 254 WAL 2005 (Pa. Oct. 25, 2005). Subsequently, Appellant timely filed a petition for post-conviction relief,[1] and the PCRA court dismissed his petition. This Court affirmed. *Commonwealth v. Robinson*, 1848 WDA 2006 (Pa. Super. Apr. 17, 2007).[2]

On December 5, 2013, while incarcerated at SCI-Greene, Appellant filed, *inter alia*, a praecipe for writ of *habeas corpus ad subjiciendum*. *Robinson v. Folino*, 528 WDA 2014, at 2 (Pa. Super. Feb. 20, 2015). The Greene County Court of Common Pleas transferred the record to the Erie Count Court of Common Pleas for consideration, and Appellant appealed. This Court quashed the appeal, finding the order was interlocutory. We further observed:

> We note, nevertheless, that the [Greene County] trial court **properly transferred this action to Erie County**. Pursuant to Pennsylvania Rule of Criminal Procedure 108,
>
> > [a] petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the

---

[1] *See* 42 Pa.C.S. §§ 9541-9546.

[2] On October 7, 2011, Appellant filed a motion in Erie County to subpoena surgical notes, the denial of which this Court affirmed. *Commonwealth v. Robinson*, 25 WDA 2012 (Pa. Super. July 11, 2012).

> judicial district in which the order directing the petitioner's detention or confinement was entered.
>
> Pa.R.Crim.P. 108(A). [Appellant] was sentenced in Erie County. While he contends, for various reasons, that Rule 108 is not controlling, we note **the primary claim in his _habeas_ petition is that he has been confined without a valid sentencing order**. Such a claim tests "the legality of [his] commitment and detention" and therefore, is "properly addressed in the court of record from which his judgment of sentence originated." **_Brown v. Pennsylvania Dept. of Corrections_**, 81 A.3d 814, 815 (Pa. 2013). **That court of record is the Erie County Court of Common Pleas**.

_Id._ at 5 n.3 (emphases added).

On March 12, 2015, Appellant filed the instant, second petition for a writ of _habeas corpus_ in Greene County, where he is still incarcerated. On October 9, 2015, the trial court dismissed Appellant's petition. Appellant timely appealed.[3] Appellant challenges the dismissal of his petition and argues he is entitled to relief because "the trial court failed to issue a sentencing order against [A]ppellant." Appellant's Brief at 5.

We review the trial court's dismissal of a petition for a writ of _habeas corpus_ for an abuse of discretion. **_Joseph v. Glunt_**, 96 A.3d 365, 369 (Pa. Super.), _appeal denied_, 101 A.3d 787 (Pa. 2014). Instantly, Appellant previously filed a petition on the same grounds in Greene County in 2013, which was properly transferred for consideration to Erie County. **_See_**

---

[3] The trial court did not order compliance with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

J.S13045/16

Pa.Crim.P. 108.  Accordingly, the trial court of Greene County did not abuse its discretion when it dismissed the instant petition, which was duplicative of the petition it previously transferred.  **See Joseph**, 96 A.3d at 369.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

- 4 -