J-S76039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE EVERETT | |
| Appellant | No. 3543 EDA 2015 |

Appeal from the Order Entered November 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1100801-1995

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 02, 2016**

This is an appeal from the order of the Court of Common Pleas of Philadelphia County dismissing Appellant Maurice Everett's "Petition for Writ of Habeas Corpus," deeming it an untimely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  To the extent that Appellant's petition could be characterized as a habeas petition, the lower denied Appellant's request for habeas relief.   We affirm.

In June 1996, Appellant was convicted of second-degree murder, robbery (two counts), aggravated assault, conspiracy, and possessing an instrument of crime.  On June 21, 1996, the trial court sentenced Appellant to life imprisonment on the murder conviction.  On October 21, 1996, the

_____

[*] Former Justice specially assigned to the Superior Court.

trial court imposed lesser concurrent sentences on the remaining charges. Appellant filed a timely direct appeal. On August 27, 1997, this Court affirmed Appellant's judgment of sentence. Appellant did not petition our Supreme Court for allowance to appeal.

On January 28, 1998, Appellant filed his first *pro se* PCRA petition. After counsel was appointed to assist Appellant on collateral review, she filed a request to withdraw and a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). After Appellant's initial counsel was removed for failing to properly comply with **Finley**, Appellant's replacement counsel also sought to withdraw under **Finley**. On August 8, 2000, the PCRA court dismissed Appellant's petition. On May 30, 2001, this Court affirmed the PCRA court's order. Appellant subsequently filed three additional PCRA petitions, all of which were dismissed as untimely filed.

On December 23, 2014, Appellant filed the instant "Petition for Writ of Habeas Corpus," claiming the Department of Corrections (DOC) had no authority to continue to detain him without proof of a written sentencing order. On September 30, 2015, the lower court treated the filing as Appellant's fifth PCRA petition and notified him of its intent to dismiss the petition as untimely filed pursuant to Pa.R.Crim.P. 907. In the alternative, the lower court reviewed the merits of Appellant's habeas claim, citing **Joseph v. Glunt**, 96 A.3d 365 (Pa.Super. 2014), *appeal denied*, 627 Pa. 774, 101 A.3d 787 (2014), for the proposition that the DOC has the continuing authority to detain a prisoner even without the possession of the

written sentencing order if the record of his judgment of sentence is maintained by the sentencing court. On October 14, 2015, Appellant filed a response to the Rule 907 notice.

On November 12, 2015, the lower court dismissed the instant petition. In this order, it appears that the lower court treated the filing as a hybrid PCRA petition and petition for writ of habeas corpus. To the extent the filing could be characterized as PCRA petition, the lower court dismissed the petition as untimely filed. To the extent the filing could be characterized as a petition for writ of habeas corpus, the lower court denied the petition as demonstrably frivolous. Appellant filed a timely appeal.

As an initial matter, we review the lower court's decision to characterize Appellant's filing both as a PCRA petition and a petition for writ of habeas corpus. Generally, the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including habeas corpus and coram nobis." *Commonwealth v. Descardes*, ---Pa.---, 136 A.3d 493, 497–98 (2016) (citing 42 Pa.C.S. § 9542). However, our Supreme Court "has never held that habeas corpus cannot provide a separate remedy, in appropriate circumstances. Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute…" *Commonwealth v. Judge*, 591 Pa. 126, 141, 916 A.2d 511, 520 (2007). In *Joseph*, this Court held that a defendant's claim that his confinement was illegal "due to the inability of the DOC to produce a written sentencing order related to [his]

judgment of sentence constitutes a claim legitimately sounding in *habeas corpus*." **Joseph**, 96 A.3d at 368 (citing **Brown v. Pa. Dept. of Corr.**, 622 Pa. 742, 745, 81 A.3d 814, 815 (2013) (per curiam) (other citations omitted)). In **Brown**, our Supreme Court reasoned that a prisoner's claim challenging the legality of his *commitment and detention* should be characterized as a petition for habeas relief. **Id**. at 744, 81 A.3d at 815.

In the instant case, Appellant raises a claim identical to the challenge raised in **Joseph**, alleging that the DOC had no authority to confine him without providing him with his written sentencing order. Pursuant to our precedent in **Joseph**, we will treat Appellant's petition as a petition for writ of habeas corpus instead of a petition pursuant to the PCRA, which only encompasses claims challenging the legality of *sentence*. **See** 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons … serving illegal sentences may obtain collateral relief").

In reviewing a petition for writ of habeas corpus, our standard of review is as follows:

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

**Rivera v. Pennsylvania Dep't of Corr.**, 837 A.2d 525, 528 (Pa.Super. 2003) (citations omitted).

- 4 -

As noted above, Appellant takes issue with the failure of the DOC to provide him with a copy of the sentencing order relevant to his confinement. Section 9764 provides in relevant part:

**§ 9764. Information required upon commitment and subsequent disposition**

**(a) General rule. --** Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

\*\*\*

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

The trial court correctly concluded that this Court's holding in **_Joseph_** is controlling precedent. In that case, the petitioner raised an identical claim that his confinement was illegal because the DOC did not possess the court order signed by the sentencing court. This Court affirmed the trial court's denial of habeas relief, rejecting the petitioner's attempt to construe Section 9764 to provide the remedy of a prisoner's release for the DOC's failure to comply with this statute:

The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person.

Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Joseph*, 96 A.3d at 371 (footnote omitted).

In this case, Appellant does not acknowledge that the trial court's review of the record revealed that the Honorable James Fitzgerald, III, entered sentencing orders in this matter on June 21, 1996 and October 21, 1996. The trial court also noted the sentences were accurately docketed by the clerk of courts. Even if in the absence of a written sentencing order, this Court held in *Joseph* that the DOC retains authority to detain the prisoner. *See Joseph*, *supra*. Accordingly, we conclude that the trial court correctly denied Appellant's petition for habeas relief.

Order affirmed. Appellant's "Application Seeking Leave to File Post Submission Communication Brief" is denied.[1]

_____

[1] In this application, Appellant alleges that 42 Pa.C.S. § 9764(c.1)(3) cannot be retroactively applied to his case as this provision was enacted in 2008. *See* 42 Pa.C.S. § 9764 (providing that "[t]he Department of Corrections, board and a county correctional facility shall not be liable for compensatory, punitive or other damages for relying in good faith on any sentencing order or court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system or otherwise transmitted to them"). Appellant's claim does not offer any coherent discussion as to why this Court's holding in *Joseph* does not apply in this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/2/2016</u>