J-S64002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUAN PEREZ | |
| Appellant | No. 456 EDA 2016 |

Appeal from the PCRA Order entered January 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1051451-1991

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 16, 2016**

Appellant, Juan Perez, appeals from the January 14, 2016 order of the Court of Common Pleas of Philadelphia County denying his petition for *habeas corpus* relief. Upon review, we affirm.

The facts and the procedural background of this matter can be summarized as follows. Following a jury trial, Appellant was found guilty of second degree murder, robbery, possessing an instrument of crime, and criminal conspiracy. The trial court sentenced Appellant to mandatory life imprisonment for murder, and an additional concurrent term of six and one-half to thirteen years for robbery. The court imposed no sentences on the remaining convictions. This Court affirmed the judgment of sentence on

---

[*] Former Justice specially assigned to the Superior Court.

April 17, 1997. *See Commonwealth v. Perez*, 698 A.2d 670 (Pa. Super. 1997) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allocatur on October 15, 1997, and denied reconsideration on December 5, 1997. *See Commonwealth v. Perez*, 717 A.2d 1028 (Pa. 1997).

On August 22, 2012, Appellant filed a *pro se* PCRA petition, challenging his conviction in light of *Miller v. Alabama*, 132 S.Ct. 2455 (2012). On April 10, 2014, Appellant filed a petition for *habeas corpus* in which he argued that both his confinement and sentence were illegal. On January 14, 2016, the trial court denied the PCRA petition as untimely and the petition for *habeas corpus* as meritless. Appellant now appeals the denial of his petition for *habeas corpus*.[1]

In his petition, Appellant raises two issues: (i) there is insufficient authority for his continued detention because his sentencing order is missing and (ii) the sentence is illegal because it is based on an unconstitutional statute. We will address these issues *ad seriatim*.

"Our standard of review of a trial court's order denying a petition for [a] writ of habeas corpus is limited to [an] abuse of discretion." *Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003). As this Court noted in *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014):

---

[1] Appellant did not challenge the denial of his PCRA petition.

[Joseph] [a/k/a Woodens] is not the first individual to assert this species of claim. In addition to the aforementioned holding in [**Brown v. Pa. Dep't of Corr.**, 81 A.3d 814 (Pa. 2013) (per *curiam*)], our Commonwealth Court has adjudicated at least one similar appeal on the merits, albeit in an unpublished memorandum. In **Travis v. Giroux**, No. 489 C.D. 2013, 2013 WL 6710773 (Pa. Cmwlth. Dec. 18, 2013), an appellant challenged the DOC's authority to hold him in custody because, as in the present situation, the DOC was unable to produce a written sentencing order. Relying upon two holdings from the United States District Court for the Eastern District of Pennsylvania, the Commonwealth Court held that subsection 9764(a)(8) does not provide a cause of action for prisoners: The current version of [42 Pa.C.S.A. § 9764(a)(8)] requires that a copy of the sentencing order be provided to the [DOC] upon commitment of an inmate to its custody. **However, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC**. The statute regulates the exchange of prisoner information between the state and county prison system, and does not provide a basis for *habeas* relief. Specifically, the Commonwealth Court emphasized that the appellant in **Travis** did not dispute that he had pleaded guilty and that he was sentenced upon that plea. Thus, even where there appeared to be no sentencing order in the possession of the DOC **or** the trial court, the Commonwealth Court held that subsection 9764(a)(8) furnished no basis for relief where the appellant's sentence was confirmed by the certified record. . . . Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. **Commonwealth v. Ortega**, 995 A.2d 879, 885 (Pa. Super. 2010); **see also Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010) ("[W]e may turn to our colleagues on the Commonwealth Court for guidance when appropriate."). We find the reasoning presented in **Travis** to be probative and instructive. The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture,

in a prisoner of any remedy for deviation from the procedures prescribed within.

***Joseph****,* 96 A.3d at 370-71 (emphasis in original) (footnotes and citations omitted).

As in ***Joseph***, Appellant "has cited no apposite legal authorities demonstrating that the undisputed record of his judgment of sentence maintained by the sentencing court constitutes insufficient authority for his continuing detention." ***Id.*** at 372. Indeed, as noted by the trial court, Appellant was found guilty of second degree murder on June 4, 1993; he was sentenced to life on April 27, 1994; and this Court affirmed his judgment of sentence on April 17, 1997. Appellant did not challenge these trial court findings. Additionally, Appellant's own exhibit (*i.e.*, copy of the trial court's quarter sessions file) not only confirms the dates and events above described by the trial court, it also informs us that Appellant petitioned the Supreme Court for allowance of appeal and that his petition was denied. In light of the foregoing, we conclude there was sufficient evidence of his convictions. ***Id***. Accordingly, the trial court did not abuse its discretion in denying Appellant's *habeas corpus* petition.

Appellant, however, attempts to distinguish ***Joseph*** on the basis that his sentence is illegal because it is based on an unconstitutional/repealed statute (18 Pa.C.S.A. § 1311(d)) (established sentencing procedures and standards regulating jury determinations of whether the death penalty should be imposed as punishment for murder). Whatever merit the claim might have, it is not properly before us. Indeed, it should have been raised

in a PCRA petition, but Appellant failed to do so. ***See***, ***e.g.***, ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (legality of sentence claims cognizable under PCRA). Additionally, Appellant failed to plead and prove the instant claim is timely. ***See*** 42 Pa.C.S.A. 9545(b)(1). Because the claim is patently untimely[2] and Appellant failed to plead and prove any of the exceptions to the timeliness requirements, we cannot review the merits of his claim. ***See Commonwealth v. Hackett***, 956 A.2d 978, 984 (Pa. 2008) (petitioner "must demonstrate the substantive requirements for one of the exceptions to the time-bar set forth in Section 9545(b)(1)(i)-(iii) in order for the court to have jurisdiction over his petition."); ***Commonwealth v. Callahan***, 101 A.3d 118, 123 (Pa. Super. 2014) (A court lacks jurisdiction over the merits of an untimely PCRA petition when petitioner has failed to plead and prove the applicability of an exception to the timeliness requirement).

Order affirmed.

---

[2] Appellant's judgment of sentence became final after the Supreme Court denied allowance of appeal on October 15, 1997, and the time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13 (effective January 1, 1990) (petition for writ of *certiorari* is deemed timely when filed within 90 days after discretionary review is denied by the Pennsylvania Supreme Court). Thus, in order to satisfy the timeliness requirement, Appellant was required to file his PCRA petition within one year from January 13, 1998. Because Appellant filed the instant petition on April 10, 2014, the petition is patently untimely.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2016