# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roman Ellis,                                  :
                          Petitioner          :
                                              :
              v.                              :    No. 596 M.D. 2019
                                              :    Submitted:  October 23, 2020
Tom Wolf, Governor of Pennsylvania,           :
et al.,                                       :
                          Respondents         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  April 13, 2021**

Before the Court are preliminary objections (POs) filed by Tom Wolf, Governor of Pennsylvania, Senator Joe Scarnati, President Pro Tempore of the Pennsylvania State Senate, and Representative Mike Turzai, Speaker of the Pennsylvania House of Representatives (together, Legislative Respondents),[2] to a Petition for Review (Petition) filed by Roman Ellis (Ellis) in this Court's original jurisdiction.  In the Petition, Ellis challenged a statute imposing a sentence of life

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] On August 6, 2020, an Application for Automatic Substitution of Parties was filed substituting Representative Bryan Cutler for former Representative Turzai, due to Representative Turzai's resignation from the House of Representatives.  Although Senator Scarnati has since retired, an application for automatic substitution was not filed for his successor, Senator Jake Corman.

imprisonment for murder. Ellis contends that the statute is overly vague and violates various provisions of the United States and Pennsylvania Constitutions. Governor Wolf and Legislative Respondents both filed POs seeking the dismissal of the Petition on various grounds including for lack of jurisdiction. Determining that we lack jurisdiction over this Petition as it sounds in *habeas corpus* and is not ancillary to an appellate proceeding, we transfer the matter to the Court of Common Pleas of Allegheny County.

## I.  BACKGROUND

On October 24, 2019, Ellis filed the Petition, alleging as follows. Ellis "was found guilty of Murder in the Second Degree" and sentenced to a "Term of Life Imprisonment Without Parole on June 22[,] 1995." (Petition ¶¶ 14-15.) The penalty for second-degree murder is found in Section 1102 of the Crimes Code, 18 Pa.C.S. § 1102, which provides for "a term of life imprisonment." Ellis alleges that Section 1102 is unconstitutionally vague and, therefore, void under the due process clauses of the United States and Pennsylvania Constitutions.[3]  (Petition ¶¶ 2, 6.) Specifically, Ellis avers that the Act of March 26, 1974, P.L. 213, No. 46 (Act 46 or Act), which amended Section 1102, "Fails to give a person of ordinary intelligence Fair Notice that it's [sic] Penalty is not 'a term of Life Imprisonment' as the Statute Clearly and Plainly States[,] but in reality, it's [sic] True Penalty is 'a Term of Life Imprisonment Without Parole.[']"  (Petition ¶ 4 (emphasis omitted).)  Ellis further

---

[3] The Due Process Clause, Section 1 of the Fourteenth Amendment of the United States Constitution, states, in relevant part, that "[n]o State . . . shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

Likewise, article I, section 9 of the Pennsylvania Constitution provides, in relevant part, that "the accused . . . cannot . . . be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land." PA. CONST. art. I, § 9.

asserts that because the language "without parole" is not included in the Act or Section 1102(b), sentencing judges are imposing additional conditions upon sentencing, which the legislature did not intend. (*Id*. ¶¶ 17-19, 25, 44-45.) Ellis alleges "this Court has Jurisdiction to direct the sentencing courts to Stop imposing Sanctions [and] adding Conditions upon Sentences that [Section 1102] does not Say." (*Id.* ¶ 20.) According to Ellis, "Only the Legislature can assign a Penalty to be Imposed." (*Id.* ¶ 23.) By adding the condition "without parole," Ellis alleges that sentencing judges are "abusing [their] discretion," "judicially usurp[ing] the legislative function[,] and rewriting [Section 1102]." (*Id.* ¶ 28.) Although Ellis concedes that Section 6137 of the Prisons and Parole Code, 61 Pa.C.S. § 6137,[4] prohibits the Pennsylvania Parole Board from paroling individuals serving life sentences, he asserts "Pennsylvania Judges d[o] not have Statutor[y] Authorization to impose" such a sentence. (Petition ¶¶ 33-34.) In addition to being void for vagueness, Ellis alleges that article III, section 1 of the Pennsylvania Constitution[5] has been violated "[i]f the Bill's title is actually deceptive or no reasonable person[] could have been on notice as to the Bill's contents." (*Id*. ¶ 40.) The Petition further states that Section 1102 violates the single subject requirement of article III, section 3 of the Pennsylvania Constitution[6] because sentencing judges can "interact,

---

[4] Subsequent to the filing of Ellis's Petition, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[5] Article III, section 1 of the Pennsylvania Constitution provides, in relevant part, that "no bill shall be so altered or amended, on its passage through either House, as to change its original purpose." PA. CONST. art. III, § 1.

[6] Article III, section 3 of the Pennsylvania Constitution states that no "bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." PA. CONST. art. III, § 3.

3

intertwine, combine or merge Statutes to come up with one sentence" and because "the topics within the Bill are not 'Germane' to each other as there [are] different degrees of murder and different sentences to be imposed." (*Id.* ¶ 42 (emphasis omitted).) Accordingly, Ellis "seeks relief[] from such violation that warrants discharge of [Ellis] forth with [sic]." (*Id.*, Wherefore Clause.)

On June 4, 2020, Governor Wolf filed POs asserting that this Court lacks jurisdiction over this matter because the Petition "sounds in *habeas corpus.*" (Governor Wolf's POs ¶¶ 9-10 (emphasis added).) Governor Wolf further asserts that under Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i), this Court would only have jurisdiction over a *habeas* proceeding if it is ancillary to proceedings within the Court's appellate jurisdiction, which there is no allegation exists. (Governor Wolf's POs ¶¶ 11-14.) Although Governor Wolf contends that "dismissal of this case at this juncture for the lack of jurisdiction would likely be the most prudent and efficient outcome," he recognizes that Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), "directs the Court, at this juncture, to transfer to the 'proper tribunal.'" (Governor Wolf's POs ¶ 16.) Accordingly, Governor Wolf requests that the Court transfer the matter to "the court of record from which [Ellis]'s sentence and subsequent detention came," namely, the Court of Common Pleas of Allegheny County. (*Id.* ¶¶ 15, 17-19.)

Governor Wolf also asserts a PO on the basis that Ellis did not exercise or exhaust a statutory remedy. Specifically, Governor Wolf asserts Ellis failed to exhaust a statutory remedy through the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, which is the "sole means by which a person convicted of a crime may obtain collateral relief." (Governor Wolf's POs ¶ 22.)[7]

---

[7] Governor Wolf also filed a PO challenging service, which he concedes has since been perfected. (*See* Governor Wolf's Brief at 2 n.3.)

4

Legislative Respondents also filed POs on six grounds. First, identical to Governor Wolf, Legislative Respondents assert that Ellis has failed to exercise or exhaust a statutory remedy by pursuing relief under the PCRA. (Legislative Respondents' POs ¶¶ 8-9.) Second, Legislative Respondents assert a demurrer, claiming that Section 1102 complies with the Pennsylvania Constitution and thus Ellis's "claim fails on the merits." (*Id.* ¶ 15.) Specifically, Legislative Respondents allege that Ellis only asserts general allegations of a violation of article III, section 1 of the Pennsylvania Constitution, but does not include any specific "allegations or averments regarding how [the] Act[]'s final purpose differs from its original purpose." (*Id.* ¶ 20.) Notwithstanding any pleading deficiencies, Legislative Respondents assert that the Act "complies with the original purpose requirement of the Pennsylvania Constitution," and therefore Ellis's "claim under [a]rticle III, [s]ection 1 of the Pennsylvania Constitution" should be dismissed with prejudice. (Legislative Respondents' POs ¶ 28, Wherefore Clause.) Legislative Respondents, in their third PO, allege that Ellis has also failed to state a claim upon which relief can be granted with regard to article III, section 3 of the Pennsylvania Constitution. Legislative Respondents again argue Ellis does not set forth how the single subject provision has been violated, but even if he had, there was no such violation as there is "no reasonable argument" to be made that the Act did not put the public on notice regarding the Act's "implications for second[-]degree murder charges." (Legislative Respondents' POs ¶¶ 32, 38-40.) Therefore, Legislative Respondents also request that this claim be dismissed.

The fourth PO also is in the form of a demurrer. It alleges that Ellis "challenges the process by which an act was passed . . . 45 years after its passage," and thus the challenge should be dismissed because it is "'too stale to be

cognizable.'" (Legislative Respondents' POs ¶¶ 42, 47 (quoting *Sernovitz v. Dershaw*, 127 A.3d 783, 792 (Pa. 2015)).) Legislative Respondents, in their fifth PO, state that the "void for vagueness" doctrine is not applicable in this case, as defendants are put on notice of the penalty for second-degree murder by looking at the entirety of the statutory scheme. (Legislative Respondents' POs ¶¶ 60-61.) Legislative Respondents' sixth and final PO alleges that the Court lacks jurisdiction based upon Legislative Respondents possessing broad immunity under the speech and debate clause of the Pennsylvania Constitution.[8] Therefore, Legislative Respondents allege that Ellis's "action should be dismissed in its entirety, with prejudice as to [] Respondents." (Legislative Respondents' POs ¶ 74.)

Ellis responds to the POs as follows. This Court is the proper venue as the Rules of Appellate and Civil Procedure "are intended to place the Commonwealth in position to obtain review in [the] [Pennsylvania] Supreme Court or [United States] Supreme Court[] [to] obtain [] an adverse decision on the Constitutional question." (Ellis's Answer to Governor Wolf's POs (Answer to Governor Wolf) ¶ 12; Ellis's Answer to Legislative Respondents' POs (Answer to Legislative Respondents) ¶ 2.)[9] Ellis further responds that he was not required to file under the PCRA because such a claim would be time barred under the PCRA. (Answer to Governor Wolf ¶ 13; Answer to Legislative Respondents ¶ 6.)

---

[8] Article II, section 15 of the Pennsylvania Constitution, also known as the speech and debate clause, provides that legislators "shall not be questioned in any other place" "for any speech or debate in either House." PA. CONST. art. II, § 15.

[9] In Ellis's Answer to Legislative Respondents' POs, Ellis includes a heading titled Ellis's "Preliminary Objections to [Respondents'] Preliminary Objections." (*See* Ellis's Answer to Legislative Respondents at 2.) Although he has labeled it as such, Ellis does not appear to assert any POs of his own; instead, he appears to present arguments addressing Legislative Respondents' POs.

6

Specifically addressing Legislative Respondents' other POs, Ellis states that Legislative Respondents' PO regarding a failure to state a cause of action upon which relief can be granted "failed" and was made "IN ERROR of LAW," as it "CANNOT be Determined from FACTS of record." (Answer to Legislative Respondents ¶ 7.) Ellis further states that his challenge is "AIMED at the application of the Sentencing Statute to him for his Conviction of murder in the second degree, RATHER THAN to the PROCESS by Which [the] Act . . . BECAME LAW." (*Id.* ¶ 10 (emphasis omitted).) Ellis also argues that the Act and Section 1102 are "too Vague and Ambiguous as a matter of Law." (*Id.* ¶ 11.)

## II. DISCUSSION

As a threshold matter, we first address Governor Wolf's argument that this is actually a *habeas corpus* action and, thus, this Court lacks jurisdiction. A *habeas corpus* action is one in which a detainee challenges "the legality of [his] commitment and detention." *Brown v. Pa. Dep't of Corr.*, 81 A.3d 814, 815 (Pa. 2013) (alteration in original). *Habeas corpus* is an "extraordinary writ," and, as such, "a petition seeking such relief will not be granted where an alternative remedy exists." *Kester v. Pa. Bd. of Prob. & Parole*, 609 A.2d 622, 627 n.6 (Pa. Cmwlth. 1992). This Court does not possess jurisdiction over *habeas corpus* matters unless they are ancillary to a pending appellate proceeding. 42 Pa.C.S. § 761(a)(1)(i). Section 761(a)(1)(i) of the Judicial Code provides:

> **(a) General rule**.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except:**

> (i) Actions or proceedings in the nature of **applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;**
> . . . .

*Id.* (emphasis added). Instead, these matters fall under the jurisdiction of "the court of record from which the order of detention came." *Brown*, 81 A.3d at 815 (citing Section 6502 of the Judicial Code, 42 Pa.C.S. § 6502).

In the matter before us, Ellis directly challenges the legality of his commitment and detention by asserting that Section 1102 is unconstitutional, because it is void for vagueness and violates his, and others', due process rights. The petitioner in *Cook v. Wolf* (Pa. Cmwlth., No. 472 M.D. 2019, filed May 13, 2020), made the same claims.[10] There, the petitioner, like Ellis, was serving a sentence for second-degree murder. He filed a petition for review in this Court's original jurisdiction asserting that Section 1102 is unconstitutionally vague and unenforceable. Governor Wolf filed preliminary objections, as he did in this matter, asserting that the petition for review sought relief in the nature of *habeas corpus* and that the Court lacked jurisdiction as a result. We agreed. We stated that the petitioner sought "relief, from such violation that warrants discharge of [the petitioner] forth with [sic]." *Id.*, slip op. at 5. Because the petition did not seek any other relief aside from his release from prison, the Court held that it "must interpret his petition for review as an application for writ of habeas corpus." *Id.*; *see also Commonwealth v. Rouse*, 191 A.3d 1, 2-3 (Pa. Super. 2018) (holding that similar claims challenging the constitutionality of Section 1102 sounded in *habeas*

---

[10] Unreported decisions of this Court, while not binding, may be cited for their persuasive authority pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

*corpus*).[11]  Furthermore, because there were no other proceedings within the Court's appellate jurisdiction and ancillary to the petition for review, the Court concluded that it was without jurisdiction over the petitioner's claims.  *Cook*, slip op. at 5.  Accordingly, the Court transferred the matter to the appropriate court of common pleas.  *Id.*

Ellis asserts the same claims as the petitioner in *Cook*.  In fact, Ellis's prayer for relief "seeks relief[] from such violation that warrants discharge of [Ellis] forth with [sic]," (Petition, Wherefore clause), which is the same relief sought by the petitioner in *Cook*, slip op. at 5.  Therefore, we agree with Governor Wolf that Ellis's Petition seeks *habeas corpus* relief.  Under Section 761(a)(1)(i) of the Judicial Code, this Court does not have jurisdiction over such proceedings unless it is ancillary to proceedings in our appellate jurisdiction.  42 Pa.C.S. § 761(a)(1)(i).  There is no allegation or evidence of such matters.  As a result, we sustain Governor Wolf's PO asserting lack of jurisdiction.

Nonetheless, we will not dismiss this Petition.  Instead, we shall transfer the record to the "proper tribunal[,]" as mandated by Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).  Section 5103(a) provides:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge **shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth,** where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive jurisdiction of

---

[11] While not binding, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

*Id.* (emphasis added). As the Court lacks jurisdiction over matters sounding in *habeas corpus*, the matter shall be transferred to **the sentencing court**. *Cook*, slip op. at 5-6. As supported by the reasons above, we transfer this matter to the Court of Common Pleas of Allegheny County, the court of record from which the sentence of incarceration was delivered.[12]

_____
**RENÉE COHN JUBELIRER,** Judge

Judge Crompton did not participate in this decision.

---

[12] As this Court lacks jurisdiction over this matter, we do not reach the other POs brought by Governor Wolf and Legislative Respondents.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roman Ellis,                   :
              Petitioner      :
                        :
        v.               :    No. 596 M.D. 2019
                        :
Tom Wolf, Governor of Pennsylvania,  :
et al.,                         :
            Respondents   :

## O R D E R

**NOW**, April 13, 2021, the preliminary objection of Respondent Tom Wolf, Governor of Pennsylvania, raising lack of subject matter jurisdiction is **SUSTAINED**. The application of Roman Ellis for a writ of *habeas corpus* is transferred to the Court of Common Pleas of Allegheny County (trial court), which shall address the remainder of Governor Wolf's preliminary objections, as well as those filed by Joe Scarnati, President Pro Tempore of the Pennsylvania State Senate, and Bryan Cutler, Speaker of the Pennsylvania House of Representatives. The Prothonotary of this Court shall transfer the record together with a certified copy of the docket entries to the prothonotary of the trial court.

                                      _____

                                      **RENÉE COHN JUBELIRER,** Judge