J-S51020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EDWARD GRAZIANO | |
| Appellant | No. 2260 EDA 2016 |

Appeal from the PCRA Order June 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1017851-1991

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 05, 2018**

Edward Graziano appeals from the order jointly disposing of Appellant's fourth PCRA petition, which the PCRA court determined was untimely, and his motion for a writ of *habeas corpus*, which the court denied on the merits.  We find that both petitions must be construed as PCRA petitions, and therefore the court lacked jurisdiction to address the merits of either petition.[1]  We therefore affirm.

_____

[1] The parties have not raised any issue respecting the court's decision to dispose of several matters in one overarching order.  We note that an *en banc* panel of this Court has heard argument in **Commonwealth v. Montgomery**, 938 WDA 2016, which squarely presents the issue of how a PCRA court should handle serial PCRA petitions when no appeal is pending. It is clear that Appellant's PCRA claims are untimely, and, in any event, his
*(Footnote Continued Next Page)*

* Former Justice specially assigned to the Superior Court.

We succinctly summarized the facts leading to Appellant's conviction for, *inter alia,* first-degree homicide, in a prior decision. "Appellant shot the victim, Dominic Capocci, in the forehead outside of a Philadelphia afterhours club. Capocci died as a result of his injury. Graziano then fled to Florida, where he was ultimately arrested." ***Commonwealth v. Graziano***, 927 A.2d 651 (Pa.Super. 2007).

This Court has previously decided three PCRA appeals, each time affirming the denial of relief. ***See Commonwealth v. Graziano***, 863 A.2d 1223 (Pa.Super. 2004) (unpublished memorandum) (first PCRA); ***Graziano***, ***supra*** (unpublished memorandum) (second PCRA); ***Commonwealth v. Graziano***, 4 A.3d 205 (Pa.Super. 2010) (unpublished memorandum) (third PCRA). The latter two decisions both determined that Appellant's PCRA petitions were untimely.[2]

The instant appeal concerns Appellant's fourth, fifth, sixth, and seventh attempts at collateral relief. The fourth petition was filed on July 22, 2010, and raised the claim that Appellant's sentence was

*(Footnote Continued)* _____

arguments on appeal are limited to the *habeas corpus* matter, which the PCRA court decided on the merits.

[2] The first petition was timely. Appellant initially sought PCRA relief on January 14, 1997. This Court remanded the matter in October of 2000, finding that the PCRA court erroneously denied Appellant's petition to amend his PCRA. An evidentiary hearing was held, culminating in the 2004 appeal.

unconstitutional pursuant to ***Graham v. Florida***, 560 U.S. 48 (2010) (juvenile offender may not be sentenced to life in prison without parole for crimes not resulting in death). The PCRA court did not take any action on this petition. Approximately two years later, Appellant filed a document titled "Supplement to Original Post Conviction Petition", in which he raised an allegation that PCRA counsel failed to provide effective assistance during his first PCRA petition. This supplemental petition invoked ***Martinez v. Ryan***, 566 U.S. 1 (2012), which dealt with the issue of federal *habeas* petitioners overcoming procedural defaults occurring in state court due to ineffective assistance of state collateral counsel.

Appellant next filed, on August 15, 2012, another document styled as a supplement to the original PCRA petition, this time seeking relief under ***Miller v. Alabama***, 567 U.S. 460 (2012), which barred the imposition of a mandatory sentence of life imprisonment for juvenile offenders. The PCRA court did not grant an order permitting amendment, and instead appeared to treat the three petitions as comprising one PCRA petition with three separate claims.[3]  For all three petitions, Appellant cited 42 Pa.C.S. § 9545(b)(iii),

---

[3] As discussed in n.1, *supra*, the law is unsettled as to how serial PCRA petitions should be treated at the court of common pleas level when no appeal is pending. Since Appellant has abandoned any claims regarding these three petitions, we need not discuss the analytical difficulties posed by the joint disposition of three distinct attempts to invoke an exception to the time bar, each of which was subject to additional requirements.

which applies where the Supreme Courts of Pennsylvania or the United States have recognized a new constitutional right as applying retroactively, as the pertinent exception to the one-year time bar.

In addition to these three petitions, all of which were filed in the Criminal Division of the Court of Common Pleas, Appellant filed a petition for a writ of *habeas corpus* in the Civil Division of the Court of Common Pleas on April 11, 2013, against Michael Harlow, the Superintendent of SCI Albion. This petition set forth five separate claims, all alleging that Appellant was unlawfully detained due to a flaw in Appellant's judgment of sentence. By order dated April 13, 2013, the Honorable Arnold L. New transferred the petition to the Criminal Division of the Court of Common Pleas. Thus, the PCRA court had four separate requests for relief before it: (1) a PCRA petition invoking **Graham**; (2) a PCRA petition invoking **Martinez**; (3) a PCRA petition invoking **Miller**; and (4) the transferred petition for a writ of *habeas corpus*.

On April 5, 2016, the PCRA court issued a lengthy notice of intent to dismiss the petition, which addressed all three of Appellant's newly-recognized constitutional rights claims/petitions, and also indicated an intent to dispose of the transferred *habeas corpus* petition. Appellant did not respond to the notice, and, on June 15, 2016, the PCRA court entered an order denying relief.

Appellant filed a timely notice of appeal, and the court issued an opinion without requiring a Pa.R.A.P. 1925(b) concise statement. The opinion, like the notice of intent to dismiss, discusses the merits of Appellant's *habeas corpus* petition. The opinion concludes:

> This court has once again evaluated untimely, meritless collateral petitions filed by Mr. Graziano. Petitioner failed to demonstrate that his PCRA petition fell within the purview of subsection 9545(b)(1)(iii). **Petitioner's alternative challenge to the legality of his detention, although reviewed outside the framework of the PCRA, was nevertheless meritless**. Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition and denying habeas corpus relief should be affirmed.

PCRA Court Opinion, 11/03/16, at 7 (emphasis added).

Appellant now poses the following questions for our review.

> I. Is the habeas court's denial of the issuance of Appellant's petition for writ of *habeas corpus* to inquire into the cause of his detention, a misapplication of law, since it is based upon a misinterpretation of the claim Appellant actually presented?
>
> II. Is Appellant's confinement unlawful where the trial court failed to enter a final judgment of conviction on jury verdict on offenses serving as cause for Appellant's detention, as required by law in order to turn a jury verdict into an appealable or enforceable conviction, in violation of the constitutions and laws of Pennsylvania and the United States?

Appellant's brief at 4.

It is well-settled that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final, unless an exception applies. 42 Pa.C.S. § 9545(b)(1). The time bar is jurisdictional in

nature; therefore, "when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation and quotation marks omitted). Timeliness presents a question of law, which we review *de novo* and our scope of review is plenary. *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa.Super. 2017).

Appellant's brief is limited to the PCRA court's treatment of his *habeas corpus* claims and he has therefore abandoned any argument pertaining to his *Graham*, *Martinez*, and *Miller* claims.[4] We therefore focus on the PCRA court's discussion of the *habeas corpus* claims.

Before addressing Appellant's argument, we find it helpful to review the PCRA court's analysis of the *habeas corpus* petition. The opinion states:

> C. Petitioner was not entitled to *habeas corpus* relief due to the Department of Corrections' lack of a written sentencing order.
>
> The PCRA court did however evaluate Petitioner's claim that the Department of Corrections ("DOC") lacked legal authority for his continued detention due to the lack of a written sentencing order, in contravention of 42 Pa. Cons. Stat. § 9764(a)(8) and 37 Pa. Code § 91.3. *See Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014) (concluding that the PCRA did not subsume an illegal sentence claim based on the inability of the DOC to produce a written sentencing order). Upon review, the Honorable Ricardo C. Jackson entered a sentencing order in this matter on September 10, 1993. Additionally, upon reviewing the criminal

---

[4] We note that these claims would not have afforded relief in any event, for the reasons set forth within the PCRA court's opinion, as Appellant was not a juvenile when he committed the instant crimes.

- 6 -

docket through the Common Pleas Case Management System, Petitioner's sentence was accurately docketed by the Clerk of Courts of this court. The Superior Court has held that even when the DOC lacks possession of a written sentencing order, it has continuing authority to detain a prisoner. **Id**. at 372.

PCRA Court Opinion, 11/03/16, at 6-7.

Appellant asserts that the PCRA court misconstrued his claim. He maintains that the PCRA court

erroneously conclud[ed] that Appellant was challenging the Pennsylvania Department of Corrections ("DOC") statutory authority to confine him without a written sentencing order, in contravention of 42 Pa.C.S.A. § 9764, and 37 Pa.Code § 91.3.

However, contrary to the *habeas* court's erroneous conclusion and misapplication of law, the certified record confirms that nowhere in Appellant's amended writ of *habeas corpus* petition does he challenge the DOC's authority to confine him under 42 Pa.C.S.A. § 9764, and/or 37 Pa.Code § 91.3. **In fact, Appellant essentially argued that his incarceration is unlawful because the trial court failed to officially convict him of any of the offenses serving as cause for his detention . . . in violation of the Due Process Clause and Separation of Powers Doctrine under the Constitutions and laws of Pennsylvania and the United States.**

Appellant's brief at 10 (emphasis added).

On this point, we agree with Appellant; the PCRA court misapprehended the nature of his claim. However, that error is immaterial, as it is clear that Appellant's actual claim was subject to the PCRA, and was therefore untimely.

We begin by examining the legal authority relied upon by the PCRA court, **Joseph v. Glunt**, 96 A.3d 365 (Pa.Super. 2014). The PCRA court

determined that **Glunt** mandated a review of Appellant's claim on the merits. We disagree.

As indicated by the caption, the defendant in **Glunt** was Steven Glunt, the Superintendent of the facility housing Woodens Joseph. Joseph's petition asserted that his sentence was illegal "because the DOC does not have a written copy of the sentencing order[.]" **Id**. at 368. We determined that his claim was not subject to the PCRA, citing **Brown v. Pennsylvania Dept. of Corrections**, 81 A.3d 814 (Pa. 2013) (*per curiam*), which vacated an order of the Commonwealth Court and remanded for transfer to the Philadelphia County Court of Common Pleas. The claim in **Brown** was that the inmate's confinement was illegal because the facility failed "to produce a written sentencing order related to the judgment of sentence entered against him[.]" **Id**. at 814. In remanding the matter for transfer to the Court of Common Pleas, the **Brown** Court noted that "[M]atters sounding in *habeas corpus* lie in the jurisdiction and venue of the court of record from which the order of detention came." **Id**. at 815.

Presumably, the Civil Division relied upon **Brown** in correctly ordering transfer to the Criminal Division, as that is the venue where the sentencing order was entered. The PCRA court, however, concluded that the claim in the instant case was, as in **Glunt**, that the DOC did not possess a written copy of the sentencing order, and, therefore, not subject to the PCRA. However, the statements in **Brown**, and **Glunt's** interpretation thereof, do

not hold that these claims are not actually subject to the PCRA. Our reasoning follows.

First, **Brown** is a *per curiam* reversal, with limited precedential significance.[5] More importantly, **Brown** simply did not speak to the question of whether the PCRA subsumed Brown's claim. It is not inconsistent to state on the one hand that a claim may sound in *habeas corpus* and, on the other, that the PCRA subsumes the *habeas corpus* claim notwithstanding; indeed, the latter point is explicitly codified by the PCRA statute. "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542.

_____

[5] In **Commonwealth v. Tilghman**, 673 A.2d 898, 904 (Pa. 1996), our Supreme Court stated that *per curiam* orders, whether reversing or affirming, "signifies this Court's agreement or disagreement with the lower tribunal's final disposition of the matter on appeal to us. An order of *per curiam* affirmance or reversal becomes the law of the case." In **Commonwealth v. Thompson**, 985 A.2d 928, 937–38 (Pa. 2009), the Court stated, "The rationale for declining to deem *per curiam* decisions precedential is both simple and compelling. Such orders do not set out the facts and procedure of the case nor do they afford the bench and bar the benefit of the Court's rationale." While **Brown** set forth limited reasoning, we rely upon its citations to **Commonwealth ex rel. Bryant v. Hendrick**, 280 A.2d 110, 112 (Pa. 1971) and **Warren v. DOC**, 616 A.2d 140, 142 (Pa.Cmwlth. 1992) for the point of law that such claims sound in *habeas corpus*.

Second, the fact that **Glunt** viewed the claim as falling outside of the PCRA is irrelevant, as the inmate in **Glunt** had filed suit in the Civil Division, and named the Superintendent as defendant and challenged the authority of that person to hold him.[6] The essence of a writ of *habeas corpus* is to secure release from confinement. "The writ of habeas corpus has been called the 'great writ.' It is an ancient writ, inherited from the English common law, and lies to secure the immediate release of one who is detained unlawfully." **Commonwealth v. Morman**, 541 A.2d 356, 358 (Pa.Super. 1988). In **Glunt**, the appellant requested that we order his release. "Consequently, [Joseph] claims that the DOC's inability to produce a copy of this sentencing report constitutes a fatal failure that should result in his immediate release." **Glunt**, **supra** at 370.

Herein, however, we are reviewing an appeal from the Criminal Division, and Appellant explicitly states that he is **not** challenging the authority of the DOC to hold him. "[T]he certified record confirms that nowhere in Appellant's amended writ of *habeas corpus* petition does he

---

[6] **Glunt** did not discuss whether the matter should have been remanded for transfer to the Criminal Division. Discussing the PCRA in the context of an appeal from the Civil Division is misguided, as the Civil Division could not have ordered relief due to some purported defect in the judgment of sentence, *i.e.*, the actual conviction from the Criminal Division. To that end, subsequent case law has made plain that when a claim implicates the underlying judgment of sentence, that claim must be brought under the PCRA. **See Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016).

challenge the DOC's authority to confine him[.]" Appellant's brief at 10. Hence, *Glunt* is inapplicable, and the PCRA court erroneously concluded otherwise.

Simply put, *Glunt* addressed only whether the named defendant was required to release the prisoner, whereas here the question is whether the conviction was legally flawed. Obviously, those points are related as the source of the DOC's power to confine Appellant relies upon a lawful conviction. However, the fact remains that any underlying challenge to the conviction itself must be brought under the PCRA. Thus, the pertinent question is whether the PCRA subsumed Appellant's claim, and, in this case, the answer is yes. Appellant's *habeas* petition raised sundry constitutional theories, all contending that the lack of a valid written judgment of sentence was "in violation of the Due Process Clause and Separation of Powers Doctrine under the Constitutions and laws of Pennsylvania and the United States." Appellant's brief at 10. "In fact, Appellant essentially argued that his incarceration is unlawful **because the trial court failed to officially convict him** of any of the offenses serving as cause for his detention[.]" *Id*. (emphasis added).[7] The PCRA clearly encompasses this claim. **See** 42

---

[7] For the sake of completeness, we note that Appellant does not dispute the jury's verdict or the process which resulted in that verdict; rather, he claims that the verdict itself must be validly "signed and sealed . . . to make a conviction official, appealable[,] or enforceable." Appellant's brief at 11. All
*(Footnote Continued Next Page)*

Pa.C.S. § 9543(a)(2)(i) (to be eligible for PCRA relief, the petitioner must establish that his conviction or sentence resulted from, *inter alia*, "A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States[.]"). Since the claims raised within the petition for a writ of *habeas corpus* could be brought under the PCRA, it **must** be brought under the PCRA. ***Commonwealth v. Descardes***, 136 A.3d 493, 501 (Pa. 2016).

Therefore, the PCRA court lacked jurisdiction to review this claim, as Appellant did not plead, let alone satisfy, any exception to the time bar that permitted review of his constitutional attacks. Since the time bar is jurisdictional in nature, neither the PCRA court nor this Court have jurisdiction over the substantive claims raised. Accordingly, the PCRA court erred by addressing the merits of the petition, but did not err in denying relief. We therefore affirm on the alternative jurisdictional basis.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Shogan concurs in the result.

*(Footnote Continued)* ——————————

of his claims are purely technical complaints about how the jury's verdict must be recorded and entered upon the record, some of which rely upon statutes enacted long after the jury's verdict.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/18