J-S67032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER PATRICK MCGOWAN | : | |
| | : | |
| Appellant | : | No. 896 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 7, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001505-2016

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 31, 2020**

Appellant Christopher McGowan files this *pro se* appeal from the judgment of sentence entered by the Court of Common Pleas of Franklin County after Appellant was convicted of conspiracy to commit theft by deception. After careful review, we affirm.

This case has a convoluted procedural history which is relevant to review in detail to determine whether this appeal was timely filed. On September 28, 2018, a jury convicted Appellant of conspiracy to commit theft by deception. On November 7, 2018, the trial court sentenced Appellant *in absentia* to 30 to 60 months' imprisonment and issued a bench warrant for Appellant's arrest. Appellant was apprehended and taken into custody on November 10, 2018.

_____

[*] Former Justice specially assigned to the Superior Court.

In a letter dated November 11, 2018, Appellant, while in custody, sent the Pennsylvania Supreme Court a "Motion to Appeal Judgement [sic] and Conviction." As Appellant was represented by counsel, the Supreme Court sent the *pro se* filing to Appellant's counsel of record, Anthony E. Miley, Esq., pursuant to Pa.R.A.P 3304 ("Hybrid Representation") and **Commonwealth v. Jette**, 23 A.3d 1032, 1042 (Pa. 2011).

On November 30, 2018, Attorney Miley sought to withdraw his representation. Although Appellant was previously apprehended on November 10, 2018, the return of warrant was not filed in the trial court until December 3, 2019. On that date, the trial court issued an order committing Appellant to the Department of Corrections to begin serving his sentence in this case and giving Appellant credit for time served from the date of his apprehension. On the same date, the trial court allowed Attorney Miley to withdraw and appointed the Public Defenders' Office.

On December 6, 2018, the Public Defenders' Office filed a petition for the appointment of conflict counsel as the trial court had previously rescinded the appointment of the Public Defender in this case on June 16, 2017, citing irreconcilable differences. The same day, the trial court issued an order appointing Eric Westbrod, Esq. as conflict counsel. Eventually, Appellant filed a request to proceed *pro se* and the trial court scheduled a **Grazier** hearing.

Before the **Grazier** hearing was held, Appellant filed in this Court a "Motion to Appeal Judgment, Conviction, and Correctly Record Jury Verdict." Although this Court received this document on December 10, 2018, Appellant

mailed this *pro* se filing from prison on December 3, 2018, which was submitted within the thirty-day appeal period after Appellant's sentencing.

As such, this Court forwarded the motion to the trial court as a notice of appeal pursuant to Pa.R.A.P. 905, which provides:

> If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa.R.A.P. 905(a)(4). However, the trial court did not docket this *pro se* filing as a notice of appeal.

On December 6, 2018, Appellant subsequently mailed the trial court a *pro se* "Motion to Correct Illegal Sentence." On December 6, 2018, this Court received Appellant's *pro se* "Motion to Appeal Judgment, Conviction, and Correctly Record Jury Verdict." This Court again forwarded this *pro se* document to the trial court as a notice of appeal pursuant to Pa.R.A.P. 905. The trial court did not docket this filing as a notice of appeal.

Appellant continued to file multiple *pro se* documents in the trial court. The trial court held an initial **Grazier** hearing after which it entered an order on January 17, 2019, indicating that Appellant had agreed to proceed *pro se*. Nevertheless, as Appellant continued to file documents raising numerous claims on his own and again asking to represent himself, a second **Grazier** hearing was scheduled.

On February 11, 2019, the trial court amended its sentencing order to correct a clerical error in which it had incorrectly listed the charge of Conspiracy to Commit Theft by Deception as Count 1, when it should have been listed as Count 2.[1]

On March 14, 2019, the trial court held a second *Grazier* hearing at which it granted counsel's petition to withdraw and allowed Appellant to proceed *pro se*. At this hearing, the trial court decided to construe Appellant's November 11, 2018 "Motion to Appeal Judgement [sic] and Conviction" that was filed in the Supreme Court as a timely post-sentence motion. In addition, the trial court deemed all of Appellant's subsequent *pro se* filings as supplements to that motion. On March 19, 2019, the trial court entered an order purportedly denying Appellant's post-sentence motion.

On March 22, 2019, the trial court received Appellant's *pro se* filing which he titled "Formal Grievance and Complaint for Civil Rights Violations."[2] On March 27, 2019, the trial court filed an order indicating that it would take no action on this *pro se* submission as it was uncertain how to interpret the

---

[1] Section 5505 of the Judicial Code, which relates to the modification of orders, provides that "a court ... may modify ... any order within 30 days after its entry ... if no appeal from such order has been taken." 42 Pa.C.S.A. § 5505. Generally, after an appeal is taken, the trial court "may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Nevertheless, our courts have recognized that the limits of jurisdiction set forth in Section 5505 do not impinge on the trial court's inherent power to correct any patent or obvious mistakes in its orders. *Commonwealth v. Holmes*, 593 Pa. 601, 615, 933 A.2d 57, 65 (2007).
[2] This Court cannot ascertain the mailing date of this motion as there was no accompanying postmarked envelope in the record.

- 4 -

filing. The trial court directed Appellant to comply with the Pennsylvania Rules of Appellate Procedure if Appellant intended to file an appeal from its March 19, 2019 order.

On April 30, 2019, the trial court filed an order granting counsel's petition to withdraw and allowing Appellant to proceed *pro* se; the trial court noted that the docket did not reflect that it had permitted counsel to withdraw at the March 14, 2019 ***Grazier*** hearing.

On May 22, 2019, Appellant filed the instant notice of appeal.[3] Appellant complied with the trial court's direction to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, Appellant filed an application in this Court seeking *habeas corpus* relief on July 18, 2019. This document, which Appellant characterized as a *habeas* petition, simply reiterates all the claims Appellant raises in his 1925(b) statement.

Appellant lists the following issues, verbatim, in his 1925(b) statement:

1) US Constitution rights Violation, Pennsylvania Constitutional rights Violation and Court rules Violations.

2) 4th Amendment of the Constitution and Pennsylvania Court rule 543 Violation – Prosecution without Probable Cause and Failure to Hold a Prelim[i]nary Hearing for New charge prior to

---

[3] Appellant also filed a *pro se* notice of appeal in the Supreme Court, attempting to appeal from the same judgment of sentence as the instant appeal. The Supreme Court transferred the notice to this Court pursuant to Pa.R.A.P. 751(b); this matter was given an appellate docket number of 987 MDA 2019. The trial court was also directed to docket the notice of appeal, which was returned to this court and docketed at 1389 MDA 2019. However, both of these appeals were subsequently dismissed as duplicative of the instant appeal.

Trial.  This is a Violation of my right to Due process of law (5th Amendment).

3) 5th Amendment of the US Constitution and Pennsylvania Constitution 42 Const. § 8931 Constitutional Rights Violation – Prosecution of a felony Charge by information only, failure to obtain a Required Grand Jury Indictment.  This is a Violation Of Due Process of Law.

4) 6th Amendment of the US Constitution and Pennsylvania Constitution Artic[le] 1 Section 9 Violation – Inadequate notice of amendment of information to prepare a defense for a New Charge of Conspiracy

5) 6th Amendment of the US Constitution and Pennsylvania Court rule 600 Violation – Right to Speedy Trial within 365 days.

6) Lack of Presence on said Date of alleged Crime, On or about may 1st 2015.

7) Violation of 5th Amendment due process of Law.

8) Illegal Amendment of Conspiracy Charge.

9) On September 11, 2018 in the 39th district of Franklin County trial was held for Count one "Theft by Deception" and Count Two "Conspiracy."  The Jury Voted Me "Not Guilty" on Count One and Guilty on Count Two "Conspiracy[.]"  The Illegally Added charge 17 hours before trial and without holding a required Pre[limin]ary for a new charge with new elements of a crime.

10)   My Attorney Anthony Miley Objected to the Amendment and asked for a continuance but the Judge Angela Krom Denied Continuance and allowed the illegally amended charge.  (My attorney did state he was not prepared for a Conspiracy Defense).

11)   6th Amendment of the US Constitution Violation and Pennsylvania Constitution Art[icle] 1 Section 9 Violation. States:  I have a right to proper notice of any accusation, the Commonwealth violated this right by waiting 2½ years to charge me with a[n] additional charge and only gave a 17 hour notice of amendment.

12)   5th Amendment of the US Constitution and Pennsylvania Constitution and Pennsylva[n]ia Court rule 564 violation.

States: The Court may allow an Information to be amended when there is a defect in form, the description of offense, the description of any person or property, or the date charged, provided the information as amended does not charge an additional or different offense. The Commonwealth violated Pennsylvania Court rule 564 by allowing this amendment.

13) Lack Of Presence on said date of Crime – Petitioner was not present date and time alleged crime took place[.] On or about May 1st 2015 I was not in Franklin County or Pennsylvania at all and provided an Alibi of my whereabouts that day[.] I was working as a Truck drive in Wyoming and provided Federal log books of service and rec[e]ipts into Evidence.

1925(b) Statement, 6/17/19, at 1-2.

Before we reach the merits of Appellant's claims, we must determine whether this appeal was timely filed. A notice of appeal must be filed within thirty days of the entry of the order being appealed. Pa.R.A.P. 903(a). If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the entry of the order deciding the motion. *See* Pa.R.Crim.P. 720(A)(2)(a). This Court may not extend the time for filing a notice of appeal. Pa.R.A.P. 105(b).

As noted above, Appellant filed numerous motions while represented by counsel. As hybrid representation is not permitted in the Commonwealth, our courts "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa.Super. 2016) (citing *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (finding *pro se* post-sentence motion filed while the appellant was represented by counsel was a legal nullity with no legal effect)).

Generally, when a counseled defendant files a *pro se* document, courts do not act on the filing, but instead note it on the docket and forward it to counsel pursuant to Pa.R.Crim.P. 576(A)(4). Further, "a *pro se* document has no tolling effect." **Williams**, 151 A.3d at 623 (quoting Pa.R.Crim.P. 576 cmt. which states "[t]he requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response").

However, when a counseled defendant files a *pro se* notice of appeal, the appeal is not a legal nullity and has legal effect. **Commonwealth v. Cooper**, 611 Pa. 437, 27 A.3d 994, 1007 (2011). While a defendant does not have a right to hybrid representation, "there is right of appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution." **Williams**, 151 A.3d at 624 (citing **Commonwealth v. Ellis**, 534 Pa. 176, 626 A.2d 1137 (1993)). "Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief." **Williams**, 151 A.3d at 624.

In this case, the trial court erred in deeming Appellant's numerous *pro se* filings, submitted while Appellant was represented by counsel, to be timely-filed post-sentence motions that had legal effect and tolled the appeal period. Appellant was not entitled to hybrid representation and was not permitted to file post-sentence motions while represented by counsel.

However, the trial court also erred in failing to recognize that Appellant was entitled to file a notice of appeal while represented by counsel. Therefore,

the trial court should have deemed Appellant's December 3, 2018 "Motion to Appeal Judgement [sic] Conviction, and Correctly Record Jury Verdict"[4] and his December 6, 2018 "Motion to Appeal Judgment, Conviction, and Correctly Record Jury Verdict" as two timely filed notices of appeal, as they were both filed in this Court within the thirty-day appeal period after Appellant's sentencing on November 7, 2018.[5]

When this Court forwarded both of these documents to the trial court as notices of appeal pursuant to Pa.R.A.P. 905, the trial court was required to deem the notices of appeal as filed in the trial court on the dates they were originally filed in this Court. Pa.R.A.P. 905(a)(4). The trial court's failure to docket these filings as notices of appeal constitutes a breakdown in the operation of the courts. **See Williams**, 151 A.3d at 624 (finding breakdown in court processes occurred when *pro se* appeal filed by counseled defendant was not properly docketed and sent to this Court). Accordingly, we deem this appeal to be timely filed.

_____

[4] Appellant sent this filing to this Court from prison on December 3, 2018. The "prisoner mailbox rule" states that "in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." **Commonwealth v. Chambers**, 35 A.3d 34, 39 (Pa.Super. 2011) (quoting **Smith v. Board of Probation and Parole**, 546 Pa. 115, 122, 683 A.2d 278, 281 (1996)).

[5] While Appellant filed a "Motion to Appeal Judgement [sic] and Conviction" in the Pennsylvania Supreme Court on November 11, 2018, the Supreme Court likely did not ask the trial court to treat this *pro se* filing as a notice of appeal, but forwarded it to counsel as it was filed within three days of Appellant's November 7, 2018 sentencing, which was within the ten-day time period for filing a post-sentence motion.

Nevertheless, we must dismiss this appeal as Appellant's brief does not comply with our Rules of Appellate Procedure. Appellant's "brief" consists of two paragraphs in which he indicates that he has raised several issues in his Concise Statement and contends the Commonwealth has failed to dispute his arguments.

As such, Appellant's *pro se* brief contains substantial defects. For example, Appellant's brief fails to comply with nearly every requirement in Pa.R.A.P. 2111(a)(1)-(12) as it does not contain any factual background, procedural history, statement of the questions involved, citation to authority, legal argument or analysis. Our rules of appellate procedure allow this Court to quash or dismiss an appeal if the appellate brief contains substantial defects. Pa.R.A.P. 2101.

While we acknowledge Appellant is proceeding *pro se* and we construe his brief liberally, he is not entitled to special deference as a *pro se* litigant as this Court has held that "[a]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa.Super. 2006). Moreover,

> [w]hen briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. We will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful

appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*In re R.D.*, 44 A.3d 657, 674 (Pa.Super. 2012) (citations omitted).

As noted above, Appellant's brief does not state the issues he wishes to raise on appeal and does not contain any legal discussion. As a result, Appellant's failure to properly raise and develop an argument precludes any meaningful judicial review of this appeal. Thus, we find all of Appellant's issues to be waived and dismiss this appeal.

Moreover, we decline to review Appellant's application for *habeas corpus* relief filed directly in this Court after the instant appeal was docketed. We observe the claims in Appellant's application do not sound in *habeas corpus* but merely reiterate the arguments which Appellant attempted to raise on appeal in his 1925(b) Statement that had been addressed and dismissed by the trial court. This Court has held that:

> [t]raditionally, a writ of *habeas corpus* is a civil remedy that tests the legality of the detention. The writ can never be used as a substitute for an appeal to test the correctness of the administration of the law in connection with a commitment, but where such an order is beyond the power or jurisdiction of the tribunal entering it, the one thereby detained may be released on habeas corpus.

*Chadwick v. Caulfield*, 834 A.2d 562, 566 (Pa.Super. 2003) (citations omitted).

Even assuming *arguendo* that Appellant's claims in his application could be construed to properly sound in *habeas* relief, we do not have jurisdiction over such a petition as "matters sounding in *habeas corpus* lie in the jurisdiction and venue of the court of record from which the order of detention

- 11 -

came." ***Brown v. Pennsylvania Dep't of Corr.***, 622 Pa. 742, 744, 81 A.3d 814, 815 (2013) (citing 42 Pa.C.S.A. § 6502).

Judgment of sentence affirmed. Application for Writ of *Habeas Corpus* dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/31/2020