J-S38042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HADDRICK BYRD | : | |
| | : | |
| Appellant | : | No. 1318 EDA 2022 |

Appeal from the PCRA Order Entered April 27, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0317152-1975.

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 24, 2023**

Haddrick Byrd appeals from the order denying his petition for writ of *habeas corpus ad subjiciendum* as an untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.   We affirm.

The pertinent facts and lengthy procedural history have been previously summarized by this Court as follows:

> [Byrd] was sentenced on January 12, 1976, to life imprisonment for second-degree murder.  [He] appealed directly to the Pennsylvania Supreme Court, which affirmed his judgment of sentence.  ***See Commonwealth v. Byrd***, 417 A.2d 173 (Pa. 1980).  [Byrd] filed a petition for collateral relief in 1980 [pursuant to the Post Conviction Hearing Act, the predecessor to the PCRA.] We affirmed the denial of relief under that petition in 1988, and the Pennsylvania Supreme Court denied [Byrd's] petition for review.  ***See Commonwealth v. Byrd***, No. 3024 PHL 1987 (Pa. Super. May 26, 1988) (unpublished memorandum).  [Byrd] filed a second petition in 1994, we again affirmed the [PCRA] court's

denial of relief on that petition in 1996, and again the [Pennsylvania] Supreme Court denied review. ***See Commonwealth v. Byrd***, No. 02795 PHL 94, (Pa. Super. Mar. 12, 1996) (unpublished memorandum), ***appeal denied***, 678 A.2d 824 (Pa. 1996).

Byrd's [third] petition was filed *pro se* as a petition for writ of *habeas corpus ad subjiciendum* in the Civil Division of the Court of Common Pleas of Philadelphia County in October 2013. In his petition, [Byrd] claimed that no criminal complaint had been filed at the inception of his case and that he had never been indicted by a grand jury. According to [Byrd], because of these defects, he never received formal notice of the charges against him in this case; the trial court therefore lacked authority to sentence him; his resulting judgment of sentence is null and void, and his incarceration is unlawful.

\*\*\*

The petition was transferred to the criminal division, which received it on November 6, 2013. The PCRA court determined that [Byrd's] *habeas corpus* petition should be treated as a PCRA petition, and that, as such, it was untimely. On August 21, 2015, the PCRA court issued a notice of its intention to dismiss [Byrd]'s petition without a hearing, pursuant to Pa.R.Crim.P. 907. [Byrd] responded on September 1, 2015. The PCRA court dismissed [Byrd's] petition on June 13, 2016. [Byrd] thereafter filed a timely appeal.

***Commonwealth v. Byrd***, 175 A.3d 379 (Pa. Super. 2017), non-precedential decision at 1-3 (footnotes omitted).

In that appeal, Byrd contended that the PCRA court erred and abused its discretion by: 1) treating his *habeas corpus* petition as a serial PCRA petition, when his claim that his judgment of sentence was void and was not cognizable under the PCRA; and 2) failing to address whether the district attorney perpetuated a fraud on the court in proceeding to trial against him

while knowing no formal charges were filed against him, thus violating his due process rights.

We affirmed the denial of post-conviction relief on July 14, 2017. *Byrd*, *supra*. By doing so, we agreed with the PCRA court that Byrd's *habeas corpus* petition was properly treated under the PCRA, that it was untimely, and that Byrd failed to plead and prove a time-bar exception. *See id*. On February 14, 2018, our Supreme Court denied Byrd's petition for allowance of appeal. *Commonwealth v. Byrd*, 181 A.3d 1077 (Pa. 2018).

On August 22, 2019, Byrd filed another document *pro se* that he titled "Petitioner's Motion for a Writ of Habeas Corpus Ad Subjiciendum Seeking Clarification and/or Correction of Sentence." The PCRA court determined that the filing should be treated as Byrd's fourth petition for post-conviction relief and denied it as untimely. Therefore, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Byrd's petition without a hearing. Byrd filed a response. By order entered April 27, 2022, the PCRA court denied Byrd's petition. This timely appeal followed. Both Byrd and the PCRA court have complied with Pa.R.A.P. 1925.

Byrd raises the following three claims on appeal:

1. Did the trial court commit error and [abuse] its discretion in dismissing [Byrd's] habeas corpus petition under the PCRA in contravention of [*Brown v. Pennsylvania Dept. of Corrections*, 81 A.3d 814 (Pa. 2013) (*per curiam*)], since a claim that a defendant's sentence is illegal due to the inability of the DOC to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in habeas corpus?

2. Did the trial court commit error and [abuse] its discretion in dismissing [Byrd's] fraud upon the court claim under the PCRA in contravention of [**Commonwealth v. Heredia**, 97 A.3d 392 (Pa. Super. 2014)], since the alleged error is thought to be attributable to ambiguity in the sentence imposed by the court, then a writ of habeas corpus ad subjiciendum, lies to the trial court for clarification and/or correction of the sentence imposed?

3. Did the trial court commit error and [abuse] its discretion in contravention of [**Commonwealth v. Marshall**, 947 A.2d 714 (Pa. 2008)], since there were genuine issues of material fact that the trial court failed to resolve at an evidentiary hearing?

Byrd's Brief at vi.

Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.**

In his first two issues, Byrd contends that his current claims should have been considered outside of the PCRA because of the inability of the DOC to produce a written sentencing order, and that missing documents from the record and the use of incorrect docket numbers amount to the Commonwealth's perpetration of fraud upon the court. **See** Byrd's Brief at 2. These claims entitled him to no relief.

Section 6503 of the Judicial Code provides as follows:

**§ 6503.  Right to apply for writ**

   **(a)**   **General rule.—**Except as provided in subsection (b), an application for habeas corpus to inquire into

- 4 -

> the cause of determination may be brought by or on behalf of a person restrained of his liberty within this Commonwealth under any pretense whatsoever.
>
> **(b)** **Exception.—**Where a person is restrained by virtue of a sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

42 Pa.C.S.A. § 6503.

Byrd concedes that he currently is serving a sentence after being convicted of second-degree murder. **See** Byrd's Brief at 8. Section 9542 of the PCRA provides that that statute shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*[.]" 42 Pa.C.S.A. § 9542. **See also Commonwealth v. Thompson**, 199 A.3d 889, 891 (Pa. Super. 2018) (citing **Commonwealth v. Hackett**, 956 A.2d 978, 985-86 (2002) (reiterating that "both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim").

In arguing to the contrary, Byrd relies upon several decisions, including this Court's decision in **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014). In **Joseph**, the petitioner, a convicted murderer, filed a "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," in which he argued that his sentence was illegal and that his federal and state constitutional rights were violated because the Pennsylvania Department of Corrections ("DOC") did not "possess a lawful court order signed by [the sentencing court] authorizing any lawful

restraint of [his] body. ***Joseph***, 96 A.3d at 367. The trial court denied the petition and Joseph appealed.

On appeal, this Court first concluded that Joseph's petition would be treated "as a petition for writ of *habeas corpus* instead of a petition under the PCRA, which typically governs collateral claims implicating the legality of sentence." ***Joseph***, 96 A.3d at 369. In reaching this conclusion, this Court relied upon the Pennsylvania Supreme Court's *per curiam* decision in ***Brown v. Pennsylvania Dept. of Corrections***, 81 A.3d 814 (Pa. 2012). We explained that ***Brown*** "held that a claim that a defendant's sentence is illegal due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a claim legitimately sounding in *habeas corpus*." ***Joseph***, 96 A.3d at 368 (quoting ***Brown***, 81 A.3d at 815).

Nevertheless, treating his petition as one for *habeas corpus*, this Court found Joseph was not entitled to relief. We explained that the writ of *habeas corpus* "lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. . . . Under Pennsylvania statute, *habeas corpus* is a civil remedy [that] lies solely for commitments under the criminal process." ***Id.*** at 369 (citations omitted).

However, as this Court further explained in ***Joseph***, *habeas corpus* relief is rarely, if ever, available to one whose incarceration is based on a judgment of sentence that was imposed following a trial and that has been upheld on appeal. We stated:

> When a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. The rationale of this limitation is the presumption of regularity which follows the judgment. The writ, as stated above, is an extraordinary remedy and, therefore, a judgment rendered in the ordinary course is beyond the reach of *habeas corpus*. That conviction cannot be put aside lightly, and it becomes stronger the longer the judgment stands. Consequently, *habeas corpus* generally is not available to review a conviction which had been affirmed on appeal.

*Id.* at 372 (citations omitted. Thus, Joseph was not entitled to relief because, notwithstanding that the DOC did not possess a written sentencing order, the court records confirmed "the imposition, and legitimacy of [his] sentence." *Id.*

Here, unlike the petitioner in *Joseph*, Byrd did not file his *habeas corpus* petition in the civil court against the superintendent of the correctional institution in which he is currently housed, but rather, filed it in the criminal division. Moreover, in his multiple petitions as well as his appellate brief, Byrd acknowledges that he was convicted of second-degree murder and sentenced to life imprisonment. Additionally, this Court affirmed his judgment of sentence, and our Supreme Court denied his *allocatur* petition. Thus, because the record shows that Byrd's judgment of sentence has been affirmed on appeal, there was no basis for the PCRA court to grant *habeas corpus* relief. As such, the court properly treated Byrd's latest filing as a serial PCRA petition.

Treating Byrd's filing as a PCRA petition, we must next review the PCRA court's conclusion that his fourth PCRA petition was untimely filed, and that

he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Byrd's judgment of sentence became final decades ago. Because Byrd filed the petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***. Byrd has not done so. Therefore, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of Byrd's petition. ***Derrickson***, ***supra***. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2023