J-A02030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY C. SAUNDERS | : | |
| | : | |
| Appellant | : | No. 931 WDA 2024 |

Appeal from the PCRA Order Entered July 2, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002794-2016

BEFORE: KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: January 17, 2025**

Timothy C. Saunders (Appellant), *pro se*, appeals from the order dismissing his two petitions for writ of *habeas corpus*, which the court below consolidated and construed as a petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 20, 2016, following a non-jury trial, the trial court convicted Appellant of two counts of arson.[1] A prior panel of this Court summarized the subsequent procedure:

> [On February 1,] 2017, the trial court imposed an aggregate sentence of four to eight years' imprisonment. On direct appeal, this Court affirmed [Appellant's] judgment of sentence, in part, but vacated the restitution portion of his sentence. ***See Commonwealth v. Saunders***, 185 A.3d 1101 (unpublished memorandum) (Pa. Super. 2018), ***appeal denied***, 190 A.3d 1134

---

[1] 18 Pa.C.S.A. §§ 3301(a)(1)(i), (d)(2)

(Pa. 2018). The Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal.

[Appellant] then filed a timely [PCRA] petition, which the PCRA court denied. … [O]n appeal to this Court, [Appellant] challenged, *inter alia*, the calculation of his prior record score. This Court affirmed the denial of PCRA relief. ***See Commonwealth v. Saunders***, 226 A.3d 647 (unpublished memorandum) (Pa. Super. 2020), ***appeal denied***, 237 A.3d 386 (Pa. 2020).

In June 2020, [Appellant] filed a *pro se* "Motion for Extraordinary Relief," which challenged the discretionary aspects of his sentence. The trial court denied relief, and [Appellant] appealed. This Court reasoned that the type of relief sought in the motion was not cognizable under the PCRA. ***See Commonwealth v. Saunders***, 299 A.3d 929 (unpublished memorandum) (Pa. Super. 2023). Instead, we held that the motion was tantamount to a post-sentence motion, the motion was untimely filed and did not toll the time to file a direct appeal, and thus[, Appellant's] notice of appeal was similarly untimely. ***See id.***; ***see also*** Pa.R.Crim.P. 720(A)(1) (requiring any post-sentence motion to be filed within ten days of the imposition of sentence), (3) (providing that if a defendant does not file a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the imposition of sentence). This Court thus quashed the appeal. ***See Saunders***, 299 A.3d 929 (unpublished memorandum).

Meanwhile, in 2022, [Appellant] filed a *pro se* second PCRA petition, which the PCRA court dismissed as untimely filed. [Appellant] filed an appeal, and this Court affirmed the dismissal in May 2023. ***See Commonwealth v. Saunders***, 303 A.3d 790 (unpublished memorandum) (Pa. Super. 2023).

On June 9, 2023, [Appellant] filed [a *pro se* "Application for Leave to File Post-Sentence Motion *Nunc Pro Tunc*."] Referring to his prior Motion for Extraordinary Relief, [Appellant] averred it was "a newly discovered fact to" him that his discretionary aspects of sentencing issue must have been raised in a post-sentence motion. Application for Leave, 6/9/23, at 2. [Appellant] further claimed he was unaware of errors involving his prior record score, and sought leave to file a post-sentence motion *nunc pro tunc*. The trial court denied relief on June 15, 2023, and [Appellant] filed a notice of appeal.

*Commonwealth v. Saunders*, 836 WDA 2023 (Pa. Super. 2024) (unpublished memorandum at 1-3) (footnotes omitted).  This Court quashed the appeal, determining Appellant's Application for Leave suffered from "the same procedural impediment as his previously filed Motion for Extraordinary Relief[.]"  *Id.* (unpublished memorandum at 6-7).

The PCRA court summarized what next transpired:

On July 20, 2023, [Appellant] filed with the Erie County Prothonotary a *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*."  At the [c]ourt's direction, on August 3, 2023, the petition was transferred to the Erie County Clerk of Courts[,] on the [grounds] that [Appellant] challenged the legality or basis of his confinement at this docket.  On August 14, 2023, [Appellant] filed a [second] *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" at this docket.  As the [PCRA] is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies, including *habeas corpus*, the [PCRA c]ourt consolidated the petitions and treated them as one PCRA [petition] … filed as of July 20, 2023.

PCRA Court Opinion, 8/22/24, at 1.

On June 10, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  The PCRA court determined the petition was untimely filed and failed to establish any of the PCRA's time-bar exceptions.  Rule 907 Notice, 6/10/24, at 4.  On June 28, 2024, Appellant filed a response to the Rule 907 Notice.  On July 2, 2024, the PCRA court entered a final order dismissing Appellant's petition.

Appellant timely filed the instant appeal.  Appellant and the PCRA court have complied with Pa.R.A.P. 1925.  Appellant raises a single issue for our review:

Whether the [PCRA c]ourt erred and abused [its] discretion when the [c]ourt deemed Appellant's *Habeas Corpus* Petitions an untimely PCRA petition[,] when the issues raised are not cognizable under the PCRA?

Appellant's Brief at 5.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.** Whether the PCRA court properly construed Appellant's *habeas* petitions as a PCRA petition "presents a question of law," for which "our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Descardes**, 136 A.3d 493, 496-97 (Pa. 2016).

Preliminarily, we observe that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Westlake**, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted). *Pro se* litigants "must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects [in

- 4 -

an appellant's brief], we will be unable to perform appellate review." ***Id.*** at 1038 (citation omitted).

"Of particular importance is the provision of [Pa.R.A.P.] 2119(a) that a brief must contain a developed argument augmented by citation to pertinent authorities. Arguments not appropriately developed are waived." ***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

Here, Appellant asserts he "has challenged the legality of his detention/confinement, [and] such challenges are not cognizable under the PCRA." Appellant's Brief at 8. Appellant maintains he "properly raised his claims of illegal detention/confinement" in *habeas* petitions. ***Id.*** at 8-9 (citing ***Brown v. Pennsylvania Dep't of Corr.***, 81 A.3d 814 (Pa. 2013); ***Joseph v. Glunt***, 96 A.3d 365 (Pa. Super. 2014)).

However, Appellant's brief fails to discuss the substance of the claims raised in his *habeas* petitions. ***See id.*** at 6-10. His assertion that his claims challenge "the legality of his detention/confinement" is wholly conclusory, and Appellant makes no attempt to analogize his claims to those involved in the

authorities he cites.[2]  As Appellant's issue is not appropriately developed, we deem it waived and affirm the PCRA court's order.  **See Love**, 896 A.2d at 1287.

Order affirmed.

Judge Beck joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/17/2025

_____

[2] In **Brown** and **Joseph**, prison inmates challenged the legality of their detention on the grounds that the Department of Corrections was not in possession of a copy of the sentencing order, as allegedly required under 42 Pa.C.S.A. § 9764(a)(8).  The **Brown** Court determined such a claim "sounded in *habeas corpus*."  **Brown**, 81 A.3d at 815.  Following **Brown**, the **Joseph** Court treated the inmate's "submission as a petition for a writ of *habeas corpus* instead of a petition under the PCRA, which typically governs collateral claims implicating the legality of sentence."  **Joseph**, 96 A.3d at 369. Instantly, our review discloses Appellant's *habeas* petitions do not raise claims analogous to **Brown** and **Joseph**, but rather repeat substantially the same claims we rejected in Appellant's five prior appeals.  **See** Petition for *Habeas Corpus*, 7/20/23, at 3-6; Second Petition for *Habeas Corpus*, 8/14/23, at 3-11.